# TYLER TERM, 1904.

## NATHANIEL WASHINGTON v. THE STATE.

### No. 2952. Decided October 10, 1904.

**Robbery—Charge of the Court—Accomplice.**

A charge which instructs the jury that they can not convict defendant on the testimony of accomplices named, unless their testimony has been corroborated by other evidence in the case having a tendency to prove that W. was robbed and that defendant took part in the act, is tantamount to telling the jury that the accomplices were credible witnesses and to be believed and is a charge on the weight of the evidence and reversible error.

Appeal from the District Court of Navarro. Tried below before Hon. L. B. Cobb.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The testimony of one of the accomplices was that Ed Nelson was robbed by them and defendant; that they all got in Nelson's wagon; that Nelson was drunk; that it was night, and that they told Nelson they would show him the way home; that they were looking around for a woman for him in East Corsicana; that after driving about awhile, the wagon run up against a stump; then William Dellums took hold of Nelson and run his hand in his pocket, and the defendant jumped out of the wagon and run and fell in the branch. They then left Nelson and went and got defendant out of the branch, who gave Dellums, Nel-

son's pocketbook and they divided the money among them consisting of eight or ten dollars.

Defendant made some statement about falling into the ditch and contradictory remarks about his hat, etc., but did not admit that he participated in the robbery. His hat was found near the place of the robbery.

*E. E. Gore,* for appellant.—The court should have told the jury that if they believed the testimony of accomplices Ed Lyons and Henry Thomas to be true, and that it showed that Nelson had money which was taken from his possession by force and violence, without his consent, and that the defendant Nathaniel Washington took part in such taking, with an intent to deprive Nelson of the use and benefit of said money and to appropriate it to the use and benefit of said defendant; still they could not convict defendant, unless they further believed that there was other evidence before them, outside of the testimony of said accomplices, tending to show that Nelson was robbed, and tending to connect the defendant with the commission of the offense; and that proof tending to show that Nelson was robbed would be insufficient corroboration. And the charge of the court in paragraph 5 in telling the jury that they could not convict the defendant, unless the testimony of said accomplices had been corroborated, assumes the testimony of said accomplices to be true, and that it showed that Nelson was robbed, and that defendant took part in the act. It also suggests to the jury, the truth of the accomplices' testimony, and was tantamount to telling the jury, that if they found the testimony of said accomplices to be corroborated they could convict defendant. And it also assumes, that the testimony of accomplices proves the commission of the offense as alleged in the indictment. The court should have told the jury, in this connection, that the testimony of one accomplice could not corroborate that of another. Jones v. State, 44 Texas Crim. Rep., 557; Bell v. State, 39 Texas Crim. Rep., 677; Heath v. State, 7 Texas Crim. App., 465; Carroll v. State, 3 Texas Crim. App., 117; Roberts v. State, 44 Texas Crim. Rep., 167; Phillips v. State, 17 Texas Crim. App., 169.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of robbery, and his punishment assessed at confinement in the penitentiary for a term of five years; hence this appeal. There is but one question that requires consideration at our hands. In order to make out the case against appellant, the State introduced two accomplices, to wit: Ed Lyons and Henry Thomas, and without their testimony it would be difficult to see how this prosecution could be maintained. On the subject of accomplices, the learned judge gave the following instruction: "You cannot convict the defendant on the testimony of Ed Lyons and Henry

Thomas, unless their testimony has been corroborated by other evidence in the case having a tendency to prove that Nelson was robbed and that defendant took part in the act." This charge has been condemned in Bell v. State, 39 Texas Crim. Rep., 677; Jones v. State, 44 Texas Crim. Rep., 557, and a number of other cases. We do not believe it requires any reasoning or analysis to show that said charge is upon the weight of testimony. Tt was tantamount to telling the jury that Lyons and Thomas were credible witnesses and to be believed, and only requires other testimony tending to support them, in order to convict appellant. Because said charge is erroneous and calculated to injure appellant's rights, the judgment is reversed and the cause demanded.

*Reversed and remanded.*

Davidson, P. J., absent.