## PRICE JONES v. THE STATE.

No. 2695. Decided March 4, 1903.

**1.—Accomplice Testimony—Charge on the Weight of Testimony.**

A charge upon accomplice testimony which instructs the jury that they
can not convict defendant upon such testimony unless the same has been
corroborated by other testimony, is erroneous, it being upon the weight of
testimony and assuming the truth of the accomplice's testimony. It was
tantamount to telling the jury that, if they believed the testimony of the ac-
complice had been corroborated, they could convict. Following Bell v. State,
39 Texas Crim. Rep., 677.

**2.—Same.**

The fact that the outside testimony of a corroborative character is ques-
tioned, is a strong reason why the court's charge as to the accomplice testi-
mony should be fairly presented, and without in the least assuming the truth
of such testimony.

Appeal from the District Court of Lamar. Tried below before Hon.
Ben H. Denton.

Appeal from a conviction of murder in the second degree; penalty,
fifteen years imprisonment in the penitentiary.

The indictment charged appellant with the murder of Malinda Alex-
ander, on the 12th day of May, 1902, by shooting, and beating her with
a stick and club, and choking her with his hands.

The opinion states the essential facts.

*T. W. Carlock, W. F. Moore,* and *Frank S. Dudley,* for appellant,
filed an able and elaborate brief.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of murder in the
second degree, and his punishment assessed at confinement in the peni-
tentiary for a term of fifteen years; hence this appeal.

The State's theory is that the homicide was committed by appellant, in connection with Sam Tittsworth. The State's case mainly depends on Tittsworth's testimony, in connection with the circumstances proved by other witnesses, which the State claims tend to corroborate the accomplice, Tittsworth. Deceased, a negro woman about 19 years of age, was the stepdaughter of Tittsworth, and lived at his house. Appellant lived some two and a half or three miles therefrom. Deceased was last seen alive on Monday morning. She left the field, where she was working with other hands, about 8 or 9 o'clock, went to the house, a short distance off, changed her clothes, and came back through the field, and in a short time went in the direction of Pine Creek, towards an old untenanted house, some quarter of a mile distant. On the following Wednesday her body, which was considerably decomposed, was found in the timber not far from said house. The back of the head was found to have been struck and crushed with some hard or heavy instrument, and there were bruises on her thighs and ankles. Tittsworth, the accomplice, testified, in substance, that appellant had agreed Sunday night before the homicide, Monday morning, to meet deceased and himself where the body was found, for the purpose of producing an abortion on her; that when he approached the place he saw appellant there on the body of deceased, or kneeling close to her body; that when he came up appellant evidently had given her some drug which caused her to froth at the mouth; and she was about to have a fit, and tried to halloo or scream. Appellant told him to come and hold her, and witness caught her hands, when appellant struck her on the back of the head with a heavy stick, and this blow killed deceased. As stated before, there was other testimony tending to corroborate the witness and connect appellant with the homicide. The State also used the testimony of one Jasper Fisher, who, appellant claimed, was an accomplice. This witness testified that deceased was pregnant, which was caused by himself, and that he intended to marry her; and a short time before the homicide agreed to give appellant $5 to produce an abortion on her. This is a sufficient statement of the case to discuss the issues raised in the assignments.

Appellant excepted to that portion of the charge of the court on accomplice testimony; and insists said charge is erroneous, because it assumes the truth of the testimony of the accomplice Tittsworth, and only requires him to be corroborated in order to convict appellant. The court gave a charge on accomplice testimony in connection with both the witnesses Tittsworth and Fisher. As to Fisher, he submitted the issue to the jury, and authorized them to determine whether or not said Fisher was an accomplice; and he also instructed the jury that one accomplice could not corroborate another. As to the witness Tittsworth, the court instructed the jury as follows: "You are instructed that the uncontradicted evidence before you shows that if Malinda Alexander was murdered, Sam Tittsworth was an accomplice to said murder, as the term 'accomplice' is above defined to you; and you can

not convict defendant upon his testimony unless the same has been sufficiently corroborated by other evidence before you tending to connect defendant as a principal with the commission of the crime charged against him in the indictment." In the succeeding paragraph, the court instructed the jury as follows: "The defendant, Price Jones, can not be convicted in this case unless you believe beyond a reasonable doubt that there is evidence before you independent of the testimony of Sam Tittsworth, and independent also of the testimony of Jasper Fisher, if you find that Jasper Fisher was an accomplice, corroborating the said witness upon material matters which tend to connect said defendant with the commission of the murder charged." In support of his contention that said charge assumes the truth of the accomplice testimony, and is a charge on the weight of the testimony, appellant cites us to the case of Bell v. State, 39 Texas Crim. Rep., 677. We have examined said case, and the charge there given was much like the charge in this case. We there held that such a charge was error as upon the weight of testimony, assuming, as it did, the truth of the accomplice's evidence. Here, the court tells the jury that they can not convict defendant upon the testimony of the accomplice, unless the same has been corroborated by other evidence, etc. This charge is reiterated three several times. In our opinion it is tantamount to telling the jury that, if they believe the testimony of the accomplice has been corroborated, they could convict. In other words, the charge simply requires the jury to believe that the accomplice has been corroborated, thus suggesting to them the truth of the accomplice's testimony. The very fact that the accomplice is required to be corroborated is a recognition of the weakness of his testimony; and for the court to assume, as was done here, that the accomplice is to be believed, and the only required step for the jury to take is to find that he has been corroborated, is the most vicious character of a charge on the weight of the testimony. We do not think it cures the vice by telling the jury, as was done in this instance, in the conclusion of the charge, that they were the judges of the facts proved and the credibility of the witnesses, and the weight to be given to their testimony. As was said in Bell's case, supra, "the court should not tell the jury that, if they believed that the testimony of the accomplice has been corroborated, to find defendant guilty; but in some method they should be clearly told, if they believe the accomplice's testimony to be true, and that it showed or tended to show defendant was guilty of the offense, still they could not convict unless they further believed that there was other testimony, outside of accomplice's testimony, tending to connect defendant with the commission of the offense charged." We are not laying down a form of charge, but we are stating the essential elements that should be embodied in such a charge.

Appellant also complains that the judgment should be reversed because the testimony of the accomplice is not corroborated by other testimony which tends to connect appellant with the commission of said offense. We are not inclined to agree with appellant in this contention.

But the very fact that the outside testimony of a corroborative character is questioned affords a strong reason why the court, in a charge on accomplice testimony, should be careful to present such a charge fairly and without in the least assuming the truth of the accomplice's evidence.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*