Appellant was convicted of robbery, and his punishment assessed at confinement in the penitentiary for a term of five years; hence this appeal. There is but one question that requires consideration at our hands. In order to make out the case against appellant, the State introduced two accomplices, to wit: Ed Lyons and Henry Thomas, and without their testimony it would be difficult to see how this prosecution could be maintained. On the subject of accomplices, the learned judge gave the following instruction: "You cannot convict the defendant on the testimony of Ed Lyons and Henry *Page 133 
Thomas, unless their testimony has been corroborated by other evidence in the case having a tendency to prove that Nelson was robbed and that defendant took part in the act." This charge has been condemned in Bell v. State, 39 Tex.Crim. Rep.; Jones v. State, 44 Tex.Crim. Rep., and a number of other cases. We do not believe it requires any reasoning or analysis to show that said charge is upon the weight of testimony. It was tantamount to telling the jury that Lyons and Thomas were credible witnesses and to be believed, and only requires other testimony tending to support them, in order to convict appellant. Because said charge is erroneous and calculated to injure appellant's rights, the judgment is reversed and the cause demanded.
Reversed and remanded.
Davidson, P.J., absent.