## DAN CRENSHAW v. THE STATE.

No. 3258. Decided March 15, 1905.

### 1.—Murder in Second Degree—Charge of Court—Accomplice.

A charge of the court which simply required the jury to convict defendant provided the testimony of an accomplice had been corroborated is reversible error.

### 2.—Same—Self-Defense—Charge of Court—Apparent Danger.

Where the evidence in a case of murder showed the issue of self-defense to arise from apparent and not real danger; the deceased having threatened defendant's life, and upon the occasion of the homicide had reached to his person as if to draw a pistol with which to execute his threat, it was error for the court to limit the right of self-defense to a condition where it appeared by the acts or by words coupled with the acts of deceased, that it was his intention to commit murder, and the charge omitted to say that the right of self-defense occurred as well where the killing occurred to prevent serious bodily injury, but only alluded to this inferentially in another part of the charge with reference to the defendant resorting to other means for the prevention of the injury in order to justify the homicide; which latter charge was not called for under the evidence.

### 3.—Same—Clothing of Deceased—Evidence.

It is only where the clothing of deceased tend to illustrate or make manifest or throw light upon some issue in the case, that they are admissible in evidence. See opinion for facts which should have excluded them.

Appeal from the District Court of Anderson. Tried below before Hon. John J. Word.

Appeal from a conviction of murder in the second degree; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*N. B. Morris, B. H. Gardner* and *Campbell & Sewell,* for appellant.— On the question of self-defense the court should have charged the jury that the defendant had a right to defend himself against apparent danger, as well as real danger. In other words, the defendant was entitled to a plain, affirmative charge on self-defense, with a close, pertinent application of the law to the facts, and the court's failure to so instruct the jury was error, to which the defendant complained in both his motions for new trial. Ainsworth v. State, 11 Texas Crim. App., 339; Rutherford v. State, 15 Texas Crim. App., 236; Johnson v. State, 43 Texas Crim. Rep., 612; Bell v. State, 17 Texas Crim. App., 538; McLaughlin v. State, 10 Texas Crim. App., 340; Gaines v. State, 53 S. W. Rep., 623; King v. State, 13 Texas Crim. App., 277; Tillery v. State, 24 Texas Crim. App., 251; Neyland v. State, 13 Texas Crim. App., 536.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of murder in the second degree; twenty-five years in the penitentiary being fixed as the punishment.

Peevy, a State's witness, testified to facts which made him an accomplice, and under an agreement with the State was to be relieved from punishment by turning State's evidence. The court charged the jury in this connection, as follows: "You are instructed that the witness Dan Peevy was an accomplice, as that term is defined in the foregoing instructions; and you are further instructed that you cannot find the defendant guilty upon his testimony, unless you are satisfied that the same has been corroborated by other evidence tending to establish that the defendant did in fact commit the offense." The objections urged are, that this charge is upon the weight of the evidence, and assumed the truth of Peevy's testimony. The effect of this charge, as contended was, that it instructed the jury to convict defendant, provided the testimony of the accomplice Peevy had been corroborated. In other words, this charge simply requires the jury to believe the accomplice testimony has been corroborated; and if they so found they could convict whether they believed his testimony was true or false. These exceptions are well taken. Bell v. State, 47 S. W. Rep., 1010; Jones v. State, 72 S. W. Rep., 845; Hart v. State, 82 S. W. Rep., 652; Washington v. State, 82 S. W. Rep., 653.

The charge on self-defense is criticised as being incorrect. In this

connection, the court charged the jury: "Homicide is justifiable and permitted by law, when committed for the purpose of preventing the offense of murder, when the killing takes place under the following circumstances: (1st) It, must reasonably appear by the acts or by words coupled with the acts of the person killed, that it was the purpose and intent of such person to commit the offense of murder. (2nd) The killing must take place while the person killed was in the act of committing the offense of murder or after some act done by him showing evidently an intent to commit such offense. Homicide is justifiable in the protection of the person against any other unlawful and violent attack besides one with intent to murder, or to inflict serious bodily injury, and in such case all other means must be resorted to for the prevention of the injury, and the killing must take place while the person killed is in the very act of making such unlawful and violent attack. The party who is unlawfully attacked is not bound to retreat in any event, in order to avoid the necessity of killing his assailant. It is not necessary to the right of self-defense that the danger should in fact exist, if it reasonably appears from the circumstances of the case that danger exists, the person threatened with such apparent danger, has the same right to defend against it, and to the same extent that he would have were the danger real. And to determine whether or not there was reason to believe .that danger did exist, the appearances must be viewed from the standpoint of the person who acted upon them and from no other standpoint." It will be noticed that the charge limits the right of self-defense to a condition where it appeared by the acts or by words coupled with the acts of the person killed, that it was the intention and purpose of deceased to commit murder. This might be a proper charge, so far as it goes; but it omits the further provision of the law that the right of self-defense accrues as well where the killing occurs to prevent serious bodily injury. The fact under this case was one of apparent and not real danger. The only portion of the charge which alludes to the infliction of serious bodily injury is in that section above quoted in which the jury are instructed that a person has the right to protect himself against any other unlawful and violent attack besides one of attempt to murder or inflict serious bodily injury, and in such case all other means must be resorted to, etc. This charge should have applied the law pertinently to the case and the issue of self-defense as made under the facts. The jury should have been told that appellant had not only the right to defend against murder, and also from apparent danger of serious bodily injury. Again, the charge in reference to resistance to any other unlawful and violent attack, besides the one of intent to murder and to effect serious bodily injury, should not have been given coupled with resorting to all other means for the prevention of the injury in order to justify. That statute was not called for by the facts. The evidence in the case relied upon by appellant to call into play the right of self-defense was the fact that

deceased had threatened his life, and upon the occasion of the homicide had reached to his person as if to draw a pistol with which to execute that threat. At least, it was a demonstration of an act on the part of deceased, which led appellant to believe that deceased was going to draw a pistol for the purpose of shooting him. The charge with reference to resorting to other means for the prevention of the injury in order to justify the killing, was not called for under this state of case.

The bloody clothes of deceased were exhibited in evidence before the jury. Objections were urged to the introduction of these bloody garments, because they did not serve to explain any fact in the case, and were only calculated to excite the minds of the jurors and to prejudice them against appellant's cause; that the testimony was irrelevant, immaterial, prejudicial and inadmissible. We are inclined to the opinion that this testimony should have been excluded. There was no question of the fact that deceased was shot several times with a rifle as well as with a shotgun. The character, condition and location of the wounds were fully described by the witnesses; and if the exhibition of the bloody clothes served to illustrate any point in the case it has escaped our attention. This matter was fully discussed in Cole v. State, 75 S. W. Rep., 527; Melton v. State, 83 S. W. Rep., 822. It is only where the clothing of deceased tend to illustrate or make manifest or throw light upon some issue in the case, that they were admissible. This is not the case here as we understand it.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.