ANDREW MORAWITZ v. THE STATE.

No. 3496.   Decided February 14, 1906.

**1.—Bribery—Indictment.**

See opinion holding that an indictment charging defendant with accepting a bribe complied with the suggestions made in the opinion of the court on former appeal, and to be sufficient.

**2.—Same—Evidence—Stenographer's Notes—Defendant's Testimony.**

Upon a trial for accepting a bribe, there was no error in permitting the reading by the stenographer from his notes the testimony of defendant given during a former trial, after the stenographer had qualified as to the accuracy of the said stenographic notes.

**3.—Same—Instructions to Jury after Retirement—Accomplice—Corroboration.**

Where upon a trial for accepting a bribe, the jury after they had retired to consider of their verdict, returned into court and propounded the question whether the defendant's testimony could be used as corroborative evidence, and the court instructed them that any testimony before them, other than the testimony of the accomplice or accomplices, that they believed to be true, might be considered by them in corroboration of the testimony of the accomplice, provided the same tended materially to connect defendant with the commission of the offense, there was no error; however, the court's main charge on corroboration is criticised as error, if exception had been made thereto.

**4.—Same—Misconduct of Jury—Discussing Former Trial—Test.**

Upon trial for accepting a bribe, where the jury after having retired to consider a verdict discussed the former trial and the statement was made among them that defendant had been convicted on a former trial and his punishment fixed at five years, the judgment must be reversed, as such testimony would not have been admissible during the trial, which is the test in matters of this character.

Appeal from the District Court of Karnes.   Tried below before Hon. James C. Wilson.

Appeal from a conviction of accepting a bribe; penalty, two years imprisonment in the penitentiary.

Leaving out the formal averments of the indictment, the same alleged:

"That defendant was then and there the duly elected and qualified justice of the peace in and for justice precinct number 8 in said Karnes County, Texas, and he the said defendant then and there had good cause to believe that P. R. had committed the offense of unlawfully carrying on and about his person a pistol in said justice precinct number 8 in Karnes County, Texas, the said —— as such justice of the peace then and there having jurisdiction to try said P. R. for said offense; and said —— as such justice of the peace was authorized and required by law to summon and examine witnesses in relation to said violation of the law by said P. R., and to reduce the statements of the witnesses so summoned and examined to writing, and to cause such statements to be sworn to by such witnesses; and if the statements and evidence given by said witnesses showed that said P. R. was probably guilty of the offense of unlawfully carrying on and about his person a pistol in justice precinct number 8 in Karnes County, Texas, it was the duty of said —— as justice of the peace as aforesaid to issue a warrant for the arrest of said P. R.; and it was then and there further the duty of said —— as such justice of the peace to try said P. R. for said offense of unlawfully carrying on and about his person a pistol as aforesaid, and if found guilty to punish him, the said P. R., for said offense; but the said —— justice of the peace as aforesaid in disregard and in violation of his duty as aforesaid did then and there in Karnes County, Texas, on or about said 9th day of November, 1903, unlawfully, wilfully and corruptly agree with said P. R. that for and in consideration of ten dollars in money paid to him, said —— by said P. R., that he the said —— justice of the peace as aforesaid would not institute proceedings against him, said P. R., and would not cause him said P. R. to be arrested, tried and fined for said offense of unlawfully carrying on and about his person a pistol as aforesaid; and the said —— justice of the peace as aforesaid then and there having good cause to believe that said P. R. was guilty of said offense of unlawfully carrying on and about his person a pistol as aforesaid, did then and there unlawfully, wilfully and corruptly accept said ten dollars in money from said P. R. with the understanding and agreement that he said —— would not as justice of the peace as aforesaid institute proceedings against said P. R., and would not cause said P. R. to be arrested, tried and fined for said offense of unlawfully carrying on and about his person a pistol in said justice precinct number 8 in Karnes County, Texas, as aforesaid, and which said agreement and understanding was in violation of the duty of said —— as justice of the peace as aforesaid, against the peace and dignity of the State.

The facts in this case will be found in 46 Texas Crim. Rep., 436.

The exception to the indictment was that it did not allege that defendant knew of any such witnesses or facts as made it his duty to act as justice of the peace, etc.

*J. C. Goode* and *Davidson & Bailey,* for appellant.—On question of admitting the stenographer's notes, counsel cited, Preston v. State, 53

S. W. Rep., 881; Collins v. State, 39 Texas Crim. Rep., 441, and contested the doctrine held in these cases, upon the question of admitting defendant's testimony taken at a former trial, etc.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted for having accepted a bribe, his punishment being fixed at two years confinement in the penitentiary. This is the second appeal. Morawitz v. State, 46 Texas Crim Rep., 436; 10 Texas Ct. Rep., 558. After the reversal on the former appeal, a new indictment was found. Appellant insists that the new indictment is defective. A close scrutiny shows that it complies with the suggestions made in the opinion on former appeal; and we hold the indictment is sufficient.

Upon this trial, the State introduced the stenographer who took down the testimony on the former trial; and from his stenographic notes he was permitted to reproduce the testimony of appellant. The bill presenting this matter shows that the stenographer qualified as to the accuracy of his notes, and after so qualifying was permitted to read from said stenographic notes the testimony of appellant on the former trial. His testimony was germane, pertinent and highly criminative evidence on this trial. There was no error in permitting the introduction of this evidence.

After the jury retired to consider of their verdict, they returned into court, and propounded the following question: "Can the defendant's testimony be used as corroborative evidence." In answer to said question, the trial court instructed the jury: "Any testimony that is before you, other than the testimony of the accomplice or accomplices, that you believe to be true, may be considered by you in corroboration of the testimony of the accomplice, provided the same tends materially to connect defendant with the commission of the offense." The trial court charged on the law of corroboration in his main charge. Though we do not note any exception by appellant to this charge, however, in our opinion, the charge on corroboration is defective under Bell v. State, 39 Texas Crim. Rep., 677, and various other authorities. Reverting to the answer given by the trial court to the question of the jury, we see no error therein.

Appellant further insists that the case should be reversed on account of the misconduct of the jury. After the jury retired to consider of their verdict, the statement was made that appellant had been convicted on a former trial, and his punishment fixed at five years in the penitentiary, and some of the jurors stated, three years. This was prior to the jury agreeing upon their verdict. This conduct on the part of. the jury is reversible error under the long line of authorities of this court. If the State had attempted in the course of the trial to prove that defendant had been convicted, and five years' punishment assessed against him on the previous trial, and the same had been objected to

by appellant, and the court had admitted the testimony, there could be no cavil or question as to the injurious effect of the testimony. This it occurs to us is an accurate test in matters of this character. Appellant should be tried on the evidence adduced on the trial, and not upon the action of a former jury. Nor should the former verdict be used as any species or character of predicate for convicting appellant on this trial.

On account of the misconduct of the jury, the judgment is reversed and the cause remanded.

*Reversed and remanded.*