### THURMOND REAGAN v. THE STATE.

No. 3590.　Decided March 7, 1906.

**1.—Burglary—Declaration of Defendant—Evidence—Conspiracy.**

Upon a trial for burglary it was error to admit in evidence the declaration of defendant to the State's witness, that he was in the chicken stealing business and that he wanted to take the witness in with him, which declarations were made before the alleged burglary and theft of a buggy-cushion. A conspiracy to steal chickens would have no probative force in the trial of defendant for burglarizing a house and taking a buggy-cushion.

**2.—Charge of Court—Accomplice Testimony.**

A charge of the court that the jury could not find the defendant guilty upon the testimony of an accomplice unless they were satisfied that the same had been corroborated by other evidence tending to establish that the defendant did .in fact commit the offense, was reversible error.

**3.—Same—Turning State's Evidence—Agreement not to Prosecute.**

Where upon appeal from conviction of burglary, the record showed that the judge presiding at the trial had not approved the agreement which the defendant claimed to have made with the county attorney to turn State's evidence, such agreement was without force, and defendant could not claim immunity from prosecution.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. E. B. Muse.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Baskett & Evans* and *W. P. Pace,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at two years confinement in the penitentiary. Appellant's first assignment complains that the court erred in admitting in evidence, over appellant's objection, a purported conversation between appellant and Joe Watkins, as testified by Joe Watkins, alleged to have occurred on the day before the alleged burglary; and while appellant and said Watkins were coming from Fort Worth to Dallas, to the effect that appellant told witness Watkins that he (appellant) had followed the business of stealing chickens, and followed it for six years; and had often made as much as $150 a month out of it; and that he wanted to take the witness Watkins in with him. We do not think this testimony was admissible. The prosecution is predicated upon burglary and the theft of a buggy-cushion. The fact that the parties had entered into a conspiracy to steal chickens, by wholesale, would not be admissible, and would have no probative force in the trial of appellant for burglarizing a house and taking a buggy-cushion. It is a well known rule that acts and declarations in consummation of a common design and conspiracy are admissible; and if appellant was being tried for stealing chickens, these acts and declarations would have been admissible against him. But here he is being tried for burglary, and the theft of a buggy-cushion therefrom. We do not think the testimony was admissible.

The second assignment of error complains that the court erred in his charge on accomplice's testimony, which is as follows: * * * "The court charges you that Joe Watkins is an accomplice, and you are further instructed that you cannot find the defendant guilty upon his testimony, unless you are satisfied that the same has been cor-

roborated by other evidence tending to establish that the defendant did in fact commit the offense." This charge has been held by this court to be erroneous in the following cases: Bell v. State, 47 S. W. Rep., 1012; Jones v. State, 72 S. W. Rep., 845; Hart v. State, 82 S. W. Rep., 652; Washington v. State, 82 S. W. Rep., 653; Crenshaw v. State, 85 S. W. Rep., 1147; Garlas v. State, 13 Texas Ct. Rep., 690.

Appellant's fifth assignment complains that he should not be tried for the offense charged in the indictment, inasmuch as he had made an agreement with the State to turn State's evidence aganist his co-defendant, Joe Watkins. The trial judge certifies that he did not approve the agreement suggested. The mere agreement of the county attorney would not be sufficient. Ex parte Greenshaw, 41 Texas Crim. Rep., 278.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*