JESSIE TATE v. THE STATE.

No. 4190. Decided December 9, 1908.

Rehearing Denied February 24, 1909.

**Burglary—Charge of Court—Accomplice Testimony.**

Where upon trial for burglary the general definition in the court's charge in regard to accomplice testimony was not sufficient, because he instructed the jury that the accomplice testimony need only tend to connect the defendant with the offense, yet where the bill of exceptions did not specifically point out this error but relied upon another ground which was not in the case the judgment will not be reversed for this reason, under article 723, Code Criminal Procedure, although such charge was erroneous.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. W. Nelms.

Appeal from a conviction of theft over the value of $50; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Wm. J. Wasson* and *Horace Williams,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment in this case charges theft over the value of $50.

From the evidence it is shown that the property was taken by means of burglary of a railroad car. Two questions are presented by the motion for a new trial: the insufficiency of the evidence and the error of the court in charging upon the law of accomplice. The law in regard to an accomplice, when used as a witness, became necessary to be charged inasmuch as the State used witnesses who connected themselves criminally with the transaction. The charge is as follows: "A conviction can not be had upon the testimony of an accomplice, unless the jury first believes the accomplice's evidence is true, and that it shows or tends to show, defendant is guilty, and then you can not convict unless the accomplice's testimony is corroborated by other evidence tending to connect the defendant with the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense." Then follows the definition of who are accomplices when used as witnesses. Then the court applies the law as follows: "Now, if you are satisfied from the evidence that the witness Herbert Jackson was an accomplice, or you have a reasonable doubt as to whether he was or not, as that term is defined in the foregoing instructions, then you are instructed that you can not find the defendant guilty upon his testimony unless you first believe that the testimony of said Herbert Jackson is true, and that it shows that the defendant is guilty as charged in the indictment, and still you can not

convict the defendant unless you further believe that there is other evidence in the case outside of the testimony of Herbert Jackson tending to connect the defendant with the commission of the offense charged in the indictment.

"Now, if you are satisfied that the witness Charley Swartz was an accomplice, or you have a reasonable doubt as to whether he was or not, as that term is defined in the foregoing instructions, then you are instructed that you can not find the defendant guilty upon his testimony unless you first believe that the testimony of Charley Swartz is true, and that it shows that the defendant is guilty as charged in the indictment; and still you can not convict the defendant unless you further believe that there is other evidence in the case, outside of the testimony of Charley Swartz tending to connect the defendant with the commission of the offense charged in the indictment." The basis of the criticism seems to be that in the first quotation above wherein this language is used, "that it shows or tends to show defendant is guilty." The expression "or tends to show" should not be given in a charge on accomplice's testimony when it applies to the accomplice directly. The accomplice may testify to a case, but his testimony is not sufficient even if true, unless there is evidence outside of and beyond which tends to connect the defendant with the transaction about which the accomplice is testifying. It is not sufficient that the accomplice whose testimony is relied upon, simply tends to show. If so, then we would have tendencies of testimony from two witnesses, one of which is the accomplice, only tending to show an offense. This is not the law. There must be sufficient evidence to show that an offense has been committed. It is not sufficient that the testimony only tends to show. An offense must be proved beyond a reasonable doubt and the defendant the guilty party beyond reasonable doubt. But when the whole charge is taken into consideration in regard to this particular question, and especially in the application of the law to the case, we think this is not of sufficient importance to require a reversal of the judgment. In applying the law to this particular phase of the testimony, the court instructed the jury pertinently and pointedly that the evidence of Albert Jackson and Swartz must show that defendant is guilty as charged in the indictment and that their testimony must be found by the jury to be true. He further guarded this particular question by instructing the jury that before they could convict they must further believe that there is other evidence in the case outside of the testimony of these two witnesses tending to connect the appellant with the offense. As this particular record is presented to us, we are of opinion that the charge was sufficient, and at least is not sufficiently erroneous to require a reversal of the judgment.

The judgment is, therefore, affirmed.

*Affirmed.*

REHEARING FEBRUARY 24, 1909.

DAVIDSON, PRESIDING JUDGE.—At the recent Tyler Term the judgment in this case was affirmed. Motion for rehearing has been filed.

Appellant's attorneys present the matter from the standpoint of the written opinion in a very cogent and able manner, and the writer is inclined to believe that the original opinion does not correctly decide the matter therein discussed. In the former opinion the charge was treated from the standpoint of inconsistencies and incongruities in the charge, in that it was contradictory, but holding that these contradictions were not of sufficient importance to require a reversal. It will be observed by noticing the opinion that it is stated that the court charged the jury in the general definition of accomplice testimony that such testimony need only *tend* to connect the accused with the offense, whereas in the application of the law to the facts the jury were instructed that the accomplice testimony must show the defendant committed the crime. The general definition in the court's charge in regard to accomplice testimony was not sufficient wherein he instructed them that the accomplice testimony need *only tend* to connect the accused with the offense committed, but in reviewing the whole charge we held these contradictions were not of sufficient importance to require a reversal. Upon review of that matter we are satisfied that we were in error. The two charges were in direct conflict. One of them was correct while the other was totally incorrect as to the rule governing accomplice testimony. So to that extent we modify and change the former opinion. An inspection, however, of the bill of exceptions reserved by appellant to these charges show that this question was not suggested in the bill for a reversal. The only objection urged to this charge as stated in the bill, is as follows: "To which said charge of the court defendant excepts for the same reason assigned in the case of Oates v. State, 16 Texas Ct. Rep., 493, and tenders this his bill of exceptions No. 1." This is then the only ground urged why the charge of the court was wrong. An inspection of the court's charge in the Oates case shows that same was erroneous, because it failed to follow the rule laid down in quite a number of cases cited. An inspection of the record in the Oates case shows that it was reversed because the court failed to instruct the jury that before they could convict on accomplice testimony, among other things, the jury must find the evidence of the accomplice *to be true.* In the charge in this case the court directly informed the jury that before they could convict they must find that the testimony of the accomplice is true. Therefore, we hold that the ground of objection urged by appellant is not well taken. The charge shows to the contrary. As this matter is presented we can not review the question discussed by the court in the

former opinion. Quite a line of decisions (to which the writer did not agree), construing article 723, Code of Criminal Procedure, lay down the proposition that no error will be revised in regard to incorrect charges on appeal, unless they are pointed out in the trial court; that they can not be raised for the first time on appeal. We were in error in treating the charge from the standpoint in which we discussed it in the former opinion inasmuch as that question was not suggested. While the charge of the court was erroneous, still under the line of decisions construing said article 723, this court will not review those errors because not pointed out in the court below in any manner. The reason assigned for error in the charge in the bill of exception is not well taken, because the charge itself discloses the fact that the court did charge the jury that they must find the evidence of the accomplice to be true before they could convict.

As the matter is presented, the former conviction is corrected, and the motion for rehearing is overruled for the reasons stated.

*Overruled.*

RAMSEY, JUDGE.—The ground on which the above opinion bases the action of the court in refusing the motion for rehearing is undoubtedly sound under all the decisions. I am not prepared to concede, however, that in any event, if timely presented there was such error in the charge of the court as should operate to reverse the case. This view, however, is not important in the case. However, in the future a similar question might arise and I would not wish, without further examination, to be concluded by the open and generous confession of error made by the presiding judge in his opinion.