## TERRANCE FRUGER v. THE STATE.

No. 4017.    Decided June 2, 1909.

**1.—Theft—Charge of Court—Accomplice.**

Upon trial for theft where the court in charging upon accomplice testimony instructed the jury that they must first believe that such testimony was true and tended to connect the defendant with the offense charged, etc., the same was reversible error.    Following Fruger v. State, 50 Texas Crim. Rep., 621, and other cases.

**2.—Same—Evidence—Cross-Examination.**

Where upon trial for theft the defendant in his cross-examination of a State's witness elicited testimony to the effect that State's counsel had promised the witness immunity from punishment if he would implicate other parties, there was no error in permitting State's counsel on re-examination to show that the witness in this connection should not implicate any innocent party.

**3.—Same—Charge of Court—Alibi—Ownership.**

Where upon trial for theft the court correctly charged on the question of alibi and the ownership of the alleged stolen property, there was no error.

**4.—Same—Sufficiency of the Evidence.**

See opinion where the Court of Criminal Appeals would not reverse the case on the ground of insufficiency of the evidence.

Appeal from the District Court of Polk. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of theft of property over the value of $50; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Stevens & Pickett,* for appellant.—Cited cases in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant appeals from a conviction had in the District Court of Polk County wherein he was charged with the crime of theft of property over the value of $50.

The conviction must be reversed on account of the charge of the court in respect to accomplice's testimony. One Buck Markentell testified in the case to circumstances connecting appellant with the crime. Without his testimony the State could have made but a slight showing against appellant. On the subject of accomplice's testimony the court instructed the jury as follows: "Now, you can not convict the defendant upon his (Markentell's) testimony alone unless you first believe that his testimony is true and *tends to* connect the defendant with the offense charged, and then you can not convict the defendant upon said testimony unless you further believe that there is other testimony in the case corroborative of the accomplice's testimony *tending* to connect the defendant with the offense charged; and the corroboration is not sufficient if it merely shows the commission of the offense charged." We have in very many cases held that this charge is erroneous. We have so held in the cases of Jacks Early v. State, and Jim Maples v. State, during the present term of this court. See also Fruger v. State, 50 Texas Crim. Rep., 621; Bell v. State, 39 Texas Crim. Rep., 677; Jones v. State, 44 Texas Crim. Rep., 557; Garlas v. State, 48 Texas Crim. Rep., 449, 88 S. W. Rep., 345; Hart v. State, 47 Texas Crim. Rep., 156, 11 Texas Ct. Rep., 190; Crenshaw v. State, 48 Texas Crim. Rep., 77, 12 Texas Ct. Rep., 758; Washington v. State, 47 Texas Crim. Rep., 131, 11 Texas Ct. Rep., 1028; Barton v. State, 49 Texas Crim. Rep., 121, 14 Texas Ct. Rep., 855; Oates v. State, 50 Texas Crim. Rep., 39, 16 Texas Ct. Rep., 493; Dixon v. State, 15 Texas Ct. Rep., 26; Morawitz v. State, 49 Texas Crim. Rep., 366, 15 Texas Ct. Rep., 880; Reagan v. State, 49 Texas Crim. Rep., 443, 16 Texas Ct. Rep., 239; Oates

v. State, 48 Texas Crim. Rep., 131, 12 Texas Ct. Rep., 921; Barrett
v. State, 55 Texas Crim. Rep., 182, 115 S. W. Rep., 1187; Newman
v. State, 55 Texas Crim. Rep., 273, 116 S. W. Rep., 577; Tate v.
State, 55 Texas Crim. Rep., 397, 116 S. W. Rep.; 604.

2. Another matter complained of was the course of examination
of Markentell and his testimony in respect to a statement of the
county attorney. By bill of exceptions it appears that Markentell
was asked on cross-examination if the county attorney had not prom-
ised to turn him loose if he would put it on the other people, to
which the witness replied that he had so promised; that thereupon
he had made a statement to the county attorney implicating appel-
lant and others. He was further asked by counsel for appellant if
he was not under contract with the prosecuting officers that if he would
testify in favor of the State and tell about it that he would be turned
loose, and was he not promised that, as to the case on trial, to which
he answered in the affirmative. Thereupon, on re-examination by
the State, he was asked as to whether the county attorney or anyone
else had asked him to put in any of these parties, to which he re-
plied, "No, sir, they did not ask me anything at all about it. They
promised if I would tell who was in it they would not prosecute
me." Whereupon the State's counsel asked said Buck Markentell
the following question: "Q. And you told them?" to which the
witness answered, "Yes, sir; and they told me also not to put in any
innocent man." To which answer counsel for appellant objected
because the same was immaterial and irrelevant and also excepted
to any statement made by the county attorney to said witness other
than the promise to give him immunity from punishment, as irrele-
vant, immaterial and purely hearsay testimony, and also as being
incompetent and not pertinent to any issue. These objections were
by the court overruled and the witness permitted again to answer
that the said county attorney told him not to put in any innocent
party at the time he promised him immunity from punishment. This
bill of exceptions is allowed with the following qualification: "That
as the bill shows the defendant's counsel had asked the witness the
question, 'If Mr. Lovett, the county attorney, had not promised to
turn him loose if he would put it on the *other people.* And I think
it was proper and right, and in justice to Mr. Lovett, the county
attorney, to let the witness state that Mr. Lovett told him not to put
it on any innocent person." We think, as the matter arose, the tes-
timony is not seriously objectionable and that the case is easily dis-
tinguishable from the ruling of this court in the case of Faulkner
v. State, 43 Texas Crim. Rep., 311, 65 S. W. Rep., 1093. The re-
port of this matter in that case is very brief and consists in this
statement: "Nor was it competent to bolster up, as was attempted
to be done, the testimony of Will Pruitt, by proving by him that the
county attorney, at the time he made the contract with him, told
him if he implicated or brought into this any innocent man, that

the contract would be forfeited. It is true appellant attempted on cross-examination to entangle said witness, and contradict him upon important matters by other witnesses. But this did not authorize the State to corroborate its witness by proving that he was telling the truth because he had contracted to do so and had also contracted not to implicate any innocent man." Here the matter inquired about was explanatory of the testimony developed on cross-examination, was a part of the same conversation, related to the same matter and was important, both as a matter of justice to the witness and the county attorney, and was not, we think, subject to any fair objection, nor of such a character as in the nature of things, could have prejudiced appellant.

3. There are a number of other questions raised upon appeal both in respect to the charge of the court on the question of alibi, and touching the refusal of special charges with reference to the ownership of the property stolen. We have carefully examined the matters and we think there was no error in respect to any of them, nor do we think they were of such importance as to require consideration.

4. We were strongly urged by oral argument as well by brief for appellant to pass upon the question of the sufficiency of the evidence to sustain the verdict. Without undertaking to discuss the matter, we think, perhaps in view of the insistence of appellant, it proper to say that acting as a Court of Appeals we should not have felt inclined to have disturbed this verdict on this ground. Further comment seems to be unnecessary and perhaps would be unwise and improper.

For the error discussed with respect to the charge of the court on accomplice's testimony, the judgment of conviction is reversed and the cause is remanded.

*Reversed and remanded*