BILL CAMPBELL v. THE STATE.

No. 172.   Decided November 17, 1909.

Rehearing denied December 22, 1909.

**1.—Seduction—Statement of Facts—Filing—Practice on Appeal.**

Where, upon appeal from a conviction of seduction, it appeared that the clerk in the court below, through inadvertence, had failed to place his file mark upon the original statement of facts, and that the same had been filed within time, the same will be considered.

**2.—Same—Charge of Court—Accomplice's Testimony.**

Where, upon trial for seduction, the court in his charge on accomplice's testimony, to wit, that of the alleged seduced female, failed to charge the jury that such testimony must be found by the jury to be true, etc., the same was reversible error. Following Fruger v. State, 56 Texas Crim. Rep., 393, and other cases.

**3.—Same—Form of Court's Charge on Accomplice's Testimony.**

See the opinion of the court for a form of a court's charge on accomplice's testimony.

Appeal from the District Court of Somervell. Tried below before the Hon. W. J. Oxford.

Appeal from a conviction of seduction; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Levi Herring and W. E. Myres,* for appellant.—Cited cases in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the District Court of Somervell County on May 12th of this year of the crime of seduction, and his punishment assessed at confinement in the penitentiary for two years.

The trial court at which he was convicted adjourned on the 22d day of May of this year. What purports to be a statement of facts found in the record does not seem to have been filed at any time in the District Court as by law required. Same was filed in this court on the 23d day of July, 1909. Under the law this statement of facts can not be considered, and in this condition of the record it is evident that the case must be affirmed. We have, however, examined the statement of facts, and in the light of same we do not believe, if same could be considered, that there is any error for which the case should be reversed. It is, therefore, ordered that the judgment be and it is hereby in all things affirmed.

*Affirmed.*

ON REHEARING.

December 22, 1909.

RAMSEY, JUDGE.—This case was affirmed at a former day of this term on the assumption that no statement of facts had been filed in the court below as required by law. Since then it has been made to appear that in truth said statement of facts was filed in the court below on the 7th day of June of this year, and that the clerk, through inadvertence, failed to place his file mark upon the original statement of facts in the cause, and that a copy of said statement of facts in the cause was duly filed in his office on the date aforesaid. The caption shows that the court adjourned on the 22d day of May. The statement of facts, therefore, under the law, was filed in time, and as the record now appears we are required to pass on the questions raised in the light of such statement of facts. So considered, it will be apparent that the case must be reversed on account of the error in the charge of the court on the subject of accomplice. On this issue the court thus instructed the jury:

"You are instructed, gentlemen, that in a prosecution for seduction the female alleged to have been seduced is permitted to testify; but no conviction shall be had upon the testimony of said female unless the same is corroborated by other evidence tending to connect the defendant with the offense charged.

"Therefore in this case I charge that while Fannie McCoy is permitted to testify, no conviction can be had upon her testimony unless the same is corroborated by other evidence tending to connect the defendant with the offense charged, that is tending to establish that the defendant had promised to marry said Fannie McCoy and also tending to establish that she had carnal intercourse with the defendant, and further, that she was induced to have such intercourse with the defendant by reason of said defendant's promise previously made to marry her."

This charge has been held erroneous under all the authorities since the case of Bell v. State, 39 Texas Crim. Rep., 677, 47 S. W. Rep., 1010. See also Fruger v. State, 56 Texas Crim. Rep., 393, 120 S. W. Rep., 197, where most of the authorities are collated.

It is remarkable, in view of the decisions of the court on this question, how many judges have fallen into error in charging on the law of accomplice. We think in a case like this where, under the law, the witness is an accomplice, that the following form of charge should be given, and same is hereby, in terms, approved as a correct charge:

"I instruct you that the witness .................. is an accomplice. Now, you cannot convict the defendant upon his testimony alone unless you first believe that his testimony is true and connects the defendant with the offense charged, and then you cannot convict

the defendant upon said testimony unless you further believe that there is other· testimony in the case corroborative of the accomplice's testimony tending to connect the defendant with the offense charged; and the corroboration is not sufficient if it merely shows the commission of the offense charged."

We have also approved charges on this subject in the recent cases, decided at the present term, of King v. State, from Tom Green County, and Brown v. State, from Kaufman County.

For the error pointed out, the motion for rehearing is granted, the judgment of affirmance set aside, and the cause reversed and remanded.

*Reversed and remanded.*