### GENERAL WADKINS v. THE STATE.

#### No. 158.   Decided January 26, 1910.

**1.—Rape—Election by State.**

Where upon trial for rape, the indictment charged both rape and incest, which were shown by the evidence to have occurred at the same time and were one and the same transaction, an election by the State was not required.

**2.—Same—Incest—Illegitimate Child.**

It is well settled in this State that the crime of incest can be committed between a father and an illegitimate child. Following Clark v. State, 39 Texas Crim. Rep., 179.

**3.—Same—Evidence—Relationship—Parent and Child.**

Upon trial for incest there was no error in admitting in evidence admissions and statements of the defendant, and other facts showing the relationship of father and daughter.

**4.—Same—Accomplice—Charge of Court—Corroboration.**

Where upon trial for incest there was evidence of an accomplice, it was reversible error in the court's charge to instruct the jury to convict if there was other, evidence tending to corroborate the accomplice, and which failed to instruct the jury that they must believe that her testimony was true. Following Oates v. State, 51 Texas Crim. Rep., 449, and other cases.

5.—Same—Form of Charge.

See opinion for form of charge on the law of accomplice testimony which trial courts should follow.

Appeal from the District Court of Navarro.   Tried below before the Hon. H. B. Daviss.

Appeal from a conviction of incest; penalty, five years imprisonment in the penitentiary.

The following statement taken from appellant's brief is substantially correct:   The prosecutrix, Rittie Wadkins, testified that in November, 1908, appellant engaged with her in a carnal act down on the branch near his home.   She made out a case of rape by fear or force.   The prosecutrix was nineteen years of age, and it was admitted that she was a bastard, that is, that appellant was never married to her mother. She was the youngest of four bastard children.   Martha Hervey, Bass Tolivar and John Hervey, all negro witnesses, testified substantially that they had heard appellant claim prosecutrix as his child, and that she lived with him and had been recognized by him as his child in the community where he lived.   The State proved in rebuttal, over defendant's objection, by two or more witnesses that in their opinion the prosecutrix, Rittie Wadkins, resembled the appellant; that they looked something alike.   The defendant placed his wife, Vina Wadkins, upon the stand, who testified she saw the parties engaged in the act of carnality, and her testimony makes out a clear case of consent to the act on the part of prosecutrix.   Appellant testified that he was forty-three years of age; that prosecutrix was not his girl and that he didn't have any dealings with her mother, that is, that he had never had anything to do with her until the child was born; that after the birth of prosecutrix he was intimate with her mother for about a year prior to the mother's death; that when the mother of prosecutrix died she gave him the prosecutrix because he had been good to the mother when she was sick.   Prosecutrix was then two years old.   All the testimony shows that the mother of prosecutrix was an unmarried negro woman; that she had never been married to appellant or any other man, and at the time of her death was the mother of prosecutrix and three other children.   Defendant never lived with the mother of prosecutrix and had been married to another woman with whom he continuously lived for twenty-five years.

*El J. Gibson,* for appellant.—On charge of court on accomplice testimony:   Mitchell v. State, 38 Texas Crim. Rep., 325, 42 S. W. Rep., 989; Jackson v. State, 51 Texas Crim. Rep., 220; Woolley v. State, 50 Texas Crim Rep., 214, 96 S. W. Rep., 27; Jordan v. State, 51 Texas Crim. Rep., 145, and cases cited in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—By indictment filed in the District Court of Navarro County appellant was charged with the offense of rape committed upon one Rittie Wadkins, and, in a separate count, that appellant had carnal intercourse with said Rittie Wadkins, she being then and there his daughter. Upon a trial had in said court on the 12th day of April, 1909, appellant was convicted of the offense of incest, and his punishment assessed at confinement in the penitentiary for a period of five years.

For the most part the case was well tried, and few grounds set out in appellant's motion for a new trial, or matters evidenced by bills of exception, require attention. We think the charge of the court on the subject of incest, except insofar as it relates to the matter of accomplice testimony, when taken in connection with special charge No. 3, given at the request of counsel for appellant, fairly and well presents all the issues arising under the evidence.

1. Objection was made on the trial that the court erred in not requiring the State to elect as to which count in the indictment a conviction would be sought. The refusal of the court so to do is rested on the safe ground that the transaction and occurrence with reference to which both rape and incest were charged occurred at the same time, and were one and the same transaction. It, therefore, follows if the intercourse was shown and it was by force, it would be rape. The intercourse being shown, in the absence of proof of force, or if consent were shown, and the relationship being proven, it would be incest. Under the circumstances an election was not required.

2. It seems well settled in this State that the crime of incest can be committed between a father and an illegitimate child. Clark v. State, 39 Texas Crim. Rep., 179; 2 McClain Criminal Law, sec. 1120. It seems also to be well settled by the authorities that it is competent to introduce as proof of such relationship, admissions and statements of the defendant. 16 Am. & Eng. Ency. of Law, p. 140; Morgan v. State, 11 Ala., 289; Bergen v. People, 17 Ill., 426, 65 Am. Dec., 672. It seems also to be the rule that relationship between the parties may be shown by reputation. State v. Bullinger, 54 Mo., 142; Ewell v. State, 6 Yerg. (Tenn.), 364, 27 Am. Dec., 480, though the contrary to this view has been held in Alabama. Elder v. State, 26 So. Rep., 213. In this case testimony was introduced by the State to the effect, in substance, that when the complaining party, Rittie Wadkins, was an infant, and soon after the death of her mother, to whom she was born out of wedlock, appellant claimed her as his own child, took her into his home, and recognized and treated her as such. Some proof was introduced by the State of intimate relations between appellant and the mother of the child, rendering it probable that in fact she was his child. Recognition of her as his child was shown practically without contradiction. All this testimony was admissible in proof of the fact alleged. Its weight, of course, was a question for the jury, and like any other evidence, it was before them for their consideration;

nor was appellant entitled to instructions with reference to the effect or value or insufficiency of any single and isolated part of this evidence. We think none of the questions raised on the appeal, therefore, will entitle appellant to a reversal of the case except the charge of the court on the subject of accomplice testimony.

3. On accomplice testimony the court thus instructed the jury:

"A conviction can not be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense. The accomplice, as the word is here used, means anyone connected with the crime committed either as principal offender, as an accomplice, as an accessory, or otherwise. It includes all persons who are connected with the crime by an unlawful act or omission on their part, transpiring either before, at the time, or after the commission of the offense.

"Now, if you are satisfied from the evidence that the witness, Rittie Wadkins, was an accomplice to the act of carnal knowledge, or you have a reasonable doubt as to whether she was or was not an accomplice, as that term is defined in the foregoing instructions, then you are further instructed that you can not find the defendant guilty upon her testimony alone unless you are satisfied that the same has been corroborated by other evidence tending to establish that the defendant did in fact commit the offense."

This instruction was excepted to at the time by proper bill, and was also made a ground of the motion for new trial, and its accuracy questioned for the following reasons:

1. Because said charge was upon the weight of the evidence, and, in effect, instructed the jury to find the defendant guilty if the testimony of the prosecutrix, Rittie Wadkins, was corroborated by other evidence tending to establish that the defendant committed the offense.

2. Because said charge only defined an accomplice in the abstract, whereas, under the facts of the case, the court should have told the jury in express words that if there was an offense committed, Rittie Wadkins was an accomplice.

3. Because the court, in said charge, assumed that a carnal act was committed between prosecutrix and the defendant.

4. Because said charge left it to the jury to determine whether or not the prosecutrix, Rittie Wadkins, was an accomplice, when, as a matter of fact, the evidence left no room for any other conclusion.

5. Because the charge of the court, as given, failed to instruct the jury that they could not convict on the testimony of the prosecutrix, Rittie Wadkins, although they believed she told the truth, and that the testimony made out a case against the defendant, unless there was other evidence besides her testimony that connected the defendant with the offense, which was believed by the jury to be true.

6. Because said charge of the court should have gone further and

charged on the character of corroboration required, viz., not only the commission of the act of carnal intercourse, but proof of defendant's paternity.

We think the charge of the court is inaptly expressed, and is inaccurate in several particulars. In the first place, it is undeniably true that if the intercourse, as the verdict affirms, was voluntarily entered into by Rittie Wadkins, she was in law an accomplice, and the jury should in terms have been so instructed. The charge was also erroneous because it permitted a conviction if there was other evidence tending to corroborate Rittie Wadkins, and establishing the fact that appellant had committed the offense, and was further inaccurate in that it failed to instruct the jury that before they could convict on the testimony of the prosecuting witness, Rittie Wadkins, they must believe that her testimony was true, and that it showed that appellant was guilty of the offense charged. The inaccuracy of this charge has been pointed out in very many cases by this court, notably in the cases of Oates v. State, 50 Texas Crim. Rep., 39, 95 S. W. Rep., 105, and Fruger v. State, 56 Texas Crim. Rep., 393, 120 S. W., 197; Bell v. State, 39 Texas Crim. Rep., 677, 47 S. W. Rep., 1010; Jones v. State, 44 Texas Crim. Rep., 557, 72 S. W. Rep., 845; Garlas v. State, 48 Texas Crim. Rep., 449, 88 S. W. Rep., 345; Hart v. State, 47 Texas Crim. Rep., 156, 82 S. W. Rep., 652; Crenshaw v. State, 48 Texas Crim. Rep., 77, 85 S. W. Rep., 1147; Washington v. State, 47 Texas Crim. Rep., 131, 82 S. W. Rep., 653; Barton v. State, 49 Texas Crim. Rep., 121, 90 S. W. Rep., 877; Dixon v. State, 90 S. W. Rep., 878; Morawitz v. State, 49 Texas Crim. Rep., 366, 91 S. W. Rep., 227; Reagan v. State, 49 Texas Crim. Rep., 443, 93 S. W. Rep., 733; Oates v. State, 48 Texas Crim. Rep., 131, 86 S. W. Rep., 769; Barrett v. State, 55 Texas Crim. Rep., 182, 115 S. W. Rep., 1187; Newman v. State, 55 Texas Crim. Rep., 273, 116 S. W. Rep., 577; Tate v. State, 55 Texas Crim. Rep., 397, 116 S. W. Rep., 604.

We have recently in the cases of King v. State, 57 Texas Crim. Rep., 363, 123 S. W., 135, and Brown v. State, 57 Texas Crim. Rep., 546, commended and approved certain charges on the law of accomplice testimony, and in the more recent case of Campbell v. State, 57 Texas Crim. Rep., 301, 123 S. W. Rep., 583, we set out in haec verba an approved charge on this subject with a view of furnishing trial courts with an accurate instruction on this question.

For the error pointed out, the judgment of conviction is set aside and the cause remanded for another trial.

*Reversed and remanded.*

McCord, Judge, not sitting.