Herschel Long, alias Taylor, v. The State.

No. 1279.   Decided June 7, 1911.

**1.—Burglary—Accomplice—Charge of Court.**

A charge of court which instructed the jury that the accomplice testimony must tend to show the guilt of the defendant, etc., is reversible error.   Following Fruger v. State, 56 Texas Crim. Rep., 393, and other cases.

**2.—Same—Practice on Appeal.**

Where a charge of the court complained of on appeal is positive error, and could not properly apply to any state of facts in a case, the judgment must be reversed.

Appeal from the District Court of Tarrant.   Tried below before the Hon. W. T. Simmons.

Appeal from a conviction of burglary; penalty, two years confinement in the State Institution for the Training of Juveniles.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—The appellant was indicted and convicted of burglary, and his penalty fixed at two years confinement in the State Institution for the Training of Juveniles.

There is no statement of facts in the record, but there is a bill of exceptions properly taken and allowed to the charge of the court on the subject of accomplice.   The charge is as follows: "An accomplice is one who participates in the commission of an offense, or had knowledge of the same, either before, at the time, or subsequent to the commission of the offense, and assists the one committing the offense, either in the commission of the offense or in avoiding arrest or prosecution after same has been committed.

"You are instructed that Luther Deyo is an accomplice in this case, and before you can consider, for the purpose of showing or tending to show the guilt of the defendant, the testimony of the said Luther Deyo, must first find that said testimony is true, and further, that the same has been corroborated by the testimony of other witnesses in this case as to matters, if any, connecting the defendant with the facts proved."

This was the only charge given by the court on the subject.   The appellant not only made his objections to this charge at the time it was given, and was allowed his bill of exceptions thereto by the judge, but makes it one of the grounds of his motion for a new trial, which was overruled.   Such charge as this has been uniformly condemned by this court, and cases wherein it was given reversed uniformly.   Fruger v. State, 56 Texas Crim. Rep., 393, and cases therein cited; Campbell v. State, 57 Texas Crim. Rep., 301.   In this last case

a form for such charge was specifically laid down and approved on this subject. We can not understand how the trial judges will commit such errors under the circumstances.

Ordinarily where there is no statement of facts, errors in charges are not so presented as this court must necessarily reverse, but where a positive error is committed by the court in his charge, such as was committed in this case, and the matter is called to his attention at the time, and a bill of exceptions is taken thereto, and shown as in this case, such error must necessarily reverse it. In the cases where the court has refused to reverse when there was no statement of facts, the record was such that we could presume that there was a statement of facts proven before the jury which were applicable to the charge given; but in this case it is shown that the accomplice did testify, and the charge of the court complained of being positive error, could not be properly applicable to any statement of facts that would authorize us to affirm the case.

The judgment is therefore reversed and the cause is remanded.

*Reversed and remanded.*