COMMONWEALTH *vs.* JACOB HACKETT.

Middlesex.    December 7, 1897. — January 8, 1898.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Rape — Age of Consent — Statute.*

An indictment alleged that the defendant, on June 1, 1895, at C., in and upon a female child named, under the age of sixteen years, to wit, of the age of twelve years, "feloniously did make an assault," and her the said child "then and there feloniously did unlawfully and carnally know and abuse." The defendant moved to quash, for the reasons that there is set forth and described more than one offence; and that there is not described fully and plainly, substantially and formally, any offence known to the law. *Held*, that the motion was rightly overruled.

The fact that the jury failed to return a verdict upon certain counts of an indictment does not prevent a judgment being entered against the defendant upon the counts upon which he was found guilty. The effect of the acceptance of the verdict and the judgment consequent thereon operate either as an acquittal on the counts upon which no judgment is rendered, or as a discontinuance of them.

INDICTMENT, in ten counts. The first count alleged that the defendant on June 1, 1895, at Cambridge, in and upon a female child named, under the age of sixteen years, to wit, of the age of twelve years, "feloniously did make an assault," and her the said child "then and there feloniously did unlawfully and carnally know and abuse." The second, third, fourth, and fifth counts alleged a similar offence on different days from the day named in the first count. The remaining five counts alleged an assault, with intent feloniously to unlawfully and carnally know and abuse.

At the trial in the Superior Court, before *Bond*, J., the defendant moved to quash the first five counts of the indictment for

the following reasons : " that in each of said counts there is set forth and described more than one offence ; and that there is not described in any of said counts fully and plainly, substantially and formally, any offence known to the law." This motion was overruled ; and the defendant alleged exceptions.

During the trial, the attorney for the government, with the consent of the defendant's counsel, entered a *nolle prosequi* in respect to the fifth count. The jury returned a verdict of guilty on the first four counts, a verdict of not guilty on the sixth, seventh, and eighth counts, and returned no verdict and reported no disagreement on the last two counts.

The defendant then moved in arrest of judgment, on the ground that no judgment could be rendered against the defendant for the failure of the jury to act upon the last two counts. This motion was denied; and the defendant appealed.

*J. H. Ponce*, for the defendant.

*G. A. Sanderson*, Assistant District Attorney, for the Commonwealth.

LATHROP, J. The contention of the defendant in support of the motion to quash is based upon the argument that, since the St. of 1893, c. 466, the offence of unlawfully and carnally knowing a female child under the age of consent is no longer rape ; that an assault should not be charged for an offence under § 2 ; and that the effect of charging an assault and also the specific offence described in § 2 is to render the first five counts bad for duplicity, they being repugnant to the sense, and vague, uncertain, and indefinite.

The St. of 1893, c. 466, § 1, provides: " Whoever ravishes and carnally knows a female by force and against her will shall be punished by imprisonment in the state prison for life, or for any term of years." Section 2 provides: " Whoever unlawfully and carnally knows and abuses a female child under the age of sixteen years shall be punished by imprisonment in the state prison for life, or for any term of years, or for any term in any other penal institution in the Commonwealth." Section 3 repeals the St. of 1888, c. 391.

Section 27 of the Pub. Sts. c. 202, which follows earlier statutes, provides : " Whoever ravishes and carnally knows a female of the age of ten years or more by force and against her will,

or unlawfully and carnally knows and abuses a female child under the age of ten years, shall be punished by imprisonment in the state prison for life, or for any term of years." This section was repealed by the St. of 1886, c. 305, § 2, but § 1 is the same as § 27 of the Public Statutes, except that the word "thirteen" is substituted for the word "ten" in the earlier statute. The word "fourteen" was substituted for the word "thirteen" by the St. of 1888, c. 391; and now by the St. of 1893, c. 466, § 2, the age of consent is raised to sixteen years.

There can be no doubt that prior to the St. of 1893 an indictment in the present form was good. The offence was rape, and it was proper to allege an assault, though it was not necessary to aver or prove that the act alleged was done against the will of the child assaulted or without her consent. On account of her tender years she was incapable of giving a valid consent; and the law conclusively presumed that she did not consent. *Commonwealth* v. *Roosnell*, 143 Mass. 32, and cases cited.

We do not consider the fact that the St. of 1893 has used two sections instead of one, or the fact that it has given more discretion to the court as to the punishment in § 2 than in § 1, in any way changes the law, which from early times has existed here, that carnal knowledge and abuse of a female child under a certain age is rape. In *Commonwealth* v. *Murphy* and *Commonwealth* v. *Enos*, 165 Mass. 66, it was said by Mr. Justice Knowlton, in delivering the opinion of the court, that the acts in amendment of § 27 of the Pub. Sts. c. 202, including the St. of 1893, c. 466, which raise the age of consent, " do not assume to change the nature of the offence to which they relate. One who unlawfully carnally knows and abuses a female child under the age of sixteen years is guilty of the same crime under St. 1893, c. 466, as one who committed the offence upon a child under the age of ten years, when Pub. Sts. c. 202, § 27, were in force. . . . There is no doubt of the intention of the Legislature to treat the crime of having carnal connection with a girl under the age of sixteen years as rape, even if she gives her full consent so far as she is capable of consenting." It may be remarked that the indictment in *Commonwealth* v. *Enos* was not for an assault and an attempt to carnally know and abuse, as stated in the report, 165 Mass. 68, but was similar to the first

five counts in the indictment in the case at bar.    The motion to quash was rightly overruled.

The fact that the jury failed to return a verdict upon the ninth and tenth counts of the indictment did not prevent a judgment being entered against the defendant upon the counts upon which he was found guilty.    The effect of the acceptance of the verdict and the judgment consequent thereon operated either as an acquittal of the defendant on the ninth and tenth counts, or as a discontinuance of them.    *Edgerton* v. *Commonwealth*, 5 Allen, 514.    *Commonwealth* v. *Foster*, 122 Mass. 317, 322.    The motion in arrest of judgment was, therefore, properly denied.

The exceptions must therefore be overruled ; and judgment entered for the Commonwealth upon the appeal.

*So ordered.*