COMMONWEALTH *vs.* WILLIAM C. CLEARY.

SAME *vs.* PATRICK J. GUIHEEN.

Hampshire.    September 20, 1898. — October 29, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Rape — Evidence — Complaint by Child to Mother next Morning after Act.*

It cannot be said, as matter of law, that, at the trial of an indictment for rape of a girl fourteen years old, the judge was not justified in admitting evidence that the girl " made complaint to her [mother] the next morning after the occurrence as to what had been done to her by the defendants the night before," if it appears that the alleged rape was between nine and ten o'clock in the evening; that the girl was not out of the defendants' company until half past ten, when she entered a friend's house crying, excited, and frightened; that the friend took her to her home at twelve o'clock, when she was still frightened and trembling, and her mother put her to bed; and that she made the complaint the next morning.

TWO INDICTMENTS, each alleging that the defendant, on August 21, 1897, at Northampton, unlawfully and carnally knew and abused a female child of the age of fourteen years. At the trial in the Superior Court, before *Fessenden*, J., the jury returned a verdict of guilty in each case; and the defendants alleged exceptions, which appear in the opinion.

*J. T. Keating*, (*J. B. O'Donnell* with him,) for the defendants.

*J. C. Hammond*, District Attorney, for the Commonwealth.

HOLMES, J.    These are indictments for unlawfully abusing a female child under the age of sixteen years.  St. 1893, c. 466, § 2.   They come here on exceptions to evidence that the child " made complaint to her [mother] the next morning after the occurrence as to what had been done to her by the defendants the night before."   It does not appear that more was admitted than the fact that the child made complaint, with sufficient to identify the subject matter, and therefore it is not necessary to

consider whether the whole statement would have been admissible if offered, as the District Attorney asks us to decide. The only question argued for the defendants is whether the statement appears, as matter of law, to have been too remote in point of time to be admissible. It is not argued that the common law in cases of rape does not apply. See *Commonwealth* v. *Roosnell*, 143 Mass. 32 ; *Commonwealth* v. *Hackett*, 170 Mass. 194, 196.

The rule that in trials for rape the government may or must prove that the woman concerned made complaint soon after the commission of the offence is a perverted survival of the ancient requirement that she should make hue and cry as a preliminary to bringing her appeal. Glanville, XIV. 6. Bract. fol. 147 a. Fleta, I. c. 25, § 14. St. 4 Edw. I. St. 2. Appeals became obsolete and left rape to be dealt with by indictment before the development of the modern law of evidence. Lord Hale, after stating the old law as to appeals, quoting Bracton, went on to deal with the evidence upon an indictment for rape. Having stated that the party ravished might give evidence upon oath, the value of which would be affected by corroborative facts, he recurred to the matter of fresh complaint, and said that if she " presently discovered the offence, made pursuit after the offender," etc., " these and the like are concurring evidences to give greater probability to her testimony." 1 Hale P. C. 632, 633. Obviously this was suggested by and merely echoed the requirement in appeals, but it gave that requirement a more or less new turn. If it means what it has been taken to mean, that the government can prove fresh complaint as part of its original case, it cannot be justified by the general principles of evidence which now prevail. In general, you cannot corroborate the testimony of a witness by proof that he has said the same thing before, when not under oath. But Lord Hale's statement of the law has survived as an arbitrary rule in the particular case, notwithstanding the later developed principles of evidence, and, although nowadays recognized as an exception attempted to be fortified by exceptional reasons, still is put upon the ground upon which it was placed by his words. The evidence is not admitted as part of the *res gestæ*, or as evidence of the truth of the things alleged, or solely for the purpose of disproving con-

sent, but for the more general purpose of confirming the testimony of the ravished woman. *The Queen* v. *Lillyman*, [1896] 2 Q. B. 167, 170, 177. 3 Russ. Crimes, (6th ed.) 387. (See Greaves's note *m*.) *State* v. *'Kinney*, 44 Conn. 153, 155. *Haynes* v. *Commonwealth*, 28 Gratt. 942, 947, 948. *Hornbeck* v. *State*, 35 Ohio St. 277, 280. *People* v. *O'Sullivan*, 104 N. Y. 481, 486. 14 Am. Law Rev. 830, 838. Greenl. Ev. § 213. 1 McClain, Crim. Law, §§ 455, 456.

It follows that the complaint could not be rejected because it was no part of the *res gestæ*, or because under our statute the child was too young to consent. The former point was argued by both sides, seemingly under the mistaken notion that the complaint is substantive evidence of the facts charged. The test is whether, according to the principles of the exception, her having made the complaint tends to corroborate testimony given by the child at the trial. It does not appear whether the child testified or not, but it would seem that she did, and, on the bill of exceptions, it must be assumed that she did. The only question open, therefore, is whether it can be said, as matter of law, that the complaint was made too late. This depends upon a preliminary finding by the judge. *Commonwealth* v. *Bond*, 170 Mass. 41, 43. We cannot say that the admission of the evidence was not justified. The alleged rape was between nine and ten o'clock in the evening. The girl was not out of the alleged ravishers' company until half past ten, when she entered a friend's house, crying, excited, and frightened. The friend took her to her home at twelve. She was still frightened and trembling, and her mother put her to bed. She made the complaint the next morning. It might have been found on this evidence that she was not in a condition to speak until she had rested, and that she was dealt with accordingly. *Hill* v. *State*, 5 Lea, 725, 732. *State* v. *Knapp*, 45 N. H. 148, 155.

Some cases have cut free from the original ground, and intimate that lapse of time before making complaint goes only to its weight, not to its competency. *State* v. *Mulkern*, 85 Maine, 106. *State* v. *Niles*, 47 Vt. 82, 86. But it is not necessary to lay down so broad a rule. In extreme cases the evidence has been ruled out. *People* v. *O'Sullivan*, 104 N. Y. 481, 490.

*Exceptions overruled.*