## W. A. Pettus v. The State.

### No. 352.  Decided March 23, 1910.

**1.—Rape—Evidence—Complaint by Prosecutrix.**

Upon trial of rape there was no error in admitting the testimony of the prosecutrix that she had made complaint to her relatives of defendant's assault upon her, some ten days after the occurrence; it being in evidence that defendant threatened her if she would tell and that she was the wife of his stepson, and that she was not allowed to state any of the details of the transaction in her testimony. Following Warren v. State, 54 Texas Crim. Rep., 443, and other cases.

**2.—Same—Charge of Court—Consent—Weight of Evidence.**

Upon trial for rape it was reversible error in the court's charge to instruct the jury that the question of consent was the main issue in the case, and to assume that the offense was committed, and by not instructing the jury on the issue of consent as raised by the evidence, to the effect that if the

prosecutrix consented, to acquit the defendant. Following Logan v. State, 40 Texas Crim. Rep., 87, and other cases.

Appeal from the District Court of Cherokee. Tried below before the Hon. James I Perkins.

Appeal from a conviction of rape; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*Norman & Shook,* for appellant.—On question of the court's charge on consent and resistance: Barton v. State, 49 Texas Crim. Rep., 121, 90 S. W. Rep., 877; Green v. State, 49 Texas Crim. Rep., 645, 98 S. W. Rep., 1059; King v. State, 51 Texas Crim. Rep., 208, 101 S. W. Rep., 237; Angel v. State, 45 Texas Crim. Rep., 135, 74 S. W. Rep., 553; Kelly v. State, 43 Texas Crim. Rep., 40, 62 S. W. Rep., 915.

On question that the jury in a criminal case must be left entirely free to draw their conclusions from the evidence: White v. State, 17 Texas Crim. App., 188; Lee v. State, 27 Texas Crim. App., 475; Stephenson v. State, 4 Texas Crim. App., 591; Perrin v. State, 45 Texas Crim. Rep., 560, 78 S. W. Rep., 930.

On question of admitting complaint of prosecutrix ten days after the occurrence: Saye v. State, 54 Texas Crim. Rep., 430, 114 S. W. Rep., 804; Caudle v. State, 34 Texas Crim. Rep., 26.

*John A. Mobley,* Assistant Attorney-General, for the State.—On question of admitting evidence of prosecutrix's complaint to her relatives: Gonzales v. State, 32 Texas Crim. Rep., 611; Brown v. State, 52 Texas Crim. Rep., 267; Ledbetter v. State, 29 S. W. Rep., 479; Bader v. State, 57 Texas Crim. Rep., 293, 122 S. W. Rep., 555; Morrison v. State, 37 Texas Crim. Rep., 601, 40 S. W. Rep., 591, and cases cited in opinion.

Upon question of court's charge on consent, etc.; Salazar v. State, 55 Texas Crim. Rep., 307; Fitzgerald v. State, 20 Texas Crim. App., 281; Favors v. State, 20 Texas Crim. App., 155; Anschicks v. State, 6 Texas Crim. App., 524; Sharp v. State, 15 Texas Crim. App., 171; Banton v. State, 53 Texas Crim. Rep., 251.

RAMSEY, JUDGE.—The appellant suffered a conviction on a charge of rape in the District Court of Cherokee County on June 8, 1909, wherein his punishment was assessed at confinement in the penitentiary for a period of twenty-five years. The alleged injured party, Mrs. Aubrey Nelson, was the wife of a stepson of appellant and was a young woman about twenty-five years of age, living something like a mile from where appellant and his wife resided. The rape was alleged to have been accomplished on a certain Tuesday, the 1st day of June, 1909. Appellant admits the intercourse, but claims it was by the consent of Mrs. Nelson, and that they had intercourse repeatedly for some two or three years before the occasion in question. Mrs. Nelson tes-

tifies that after the accomplishment of his purpose, appellant said to her that if she told of his conduct towards her that he would kill both her and her husband, and that this statement was repeated to her some days thereafter by appellant. She made no mention of the transaction to anyone until about ten days thereafter, when she told her mother and her husband. She was shown to be a woman of good reputation both for virtue and chastity and for truth and veracity. Appellant's reputation for truth and veracity was shown to be bad, and there was some suggestion that his relations with women had not been what they should have been. There are a great many questions raised in the case, only one or two of which we deem it necessary to notice. Some of the matters are not likely to arise on another trial, at least, in the manner here presented and as to most of them we feel and think there was no error committed by the trial court.

1. Complaint is made that testimony of the statement of Mrs. Nelson to the effect, in substance, that appellant had assaulted her was not admissible on account of the delay in making the same. It should be stated in this connection that she, prosecuting witness, was not permitted to give or state any of the details of the transaction, but her testimony was confined solely and only to the substantial fact of the assault made upon her. We think, in view of the threats testified to by her, considered in connection with her relations to appellant, that this testimony was admissible. Warren v. State, 54 Texas Crim. Rep., 443, and Railsback v. State, 53 Texas Crim. Rep., 542. We think the manner of producing this testimony, and the circumstances under which it was introduced, is probably subject to the complaint that it was in advance of any assault upon the witness on account of her failure to make outcry, except that such objection is answered in the fact that later this was made the matter of serious contention by appellant. It should be further stated that the testimony of prosecutrix on the subject of resistance is quite vaguely stated. While she testifies that she resisted and that the intercourse was accomplished without her consent, her account of the circumstance is not very clear. This may be due in part to the shock and fright of such assault for the time being measurably overpowering her reason, and to some extent by the natural reluctance of a modest woman to go into details in respect to such transaction. However this may be, her testimony in respect to the matter of resistance and touching the issue of force on the part of appellant, while perhaps sufficient, is, it must be confessed, rather vaguely and indefinitely stated by her.

2. In this condition of the record the court gave to the jury the following charge: "To constitute rape something more must be shown than the mere want of the female's consent and the use of force by the accused; there must have been resistance upon her part, dependent, in amount, on the circumstances surrounding her at the time, and on the relative strength of herself and the accused; in other words, every exertion in her power, under the circumstances of the occasion, must

be made by her to prevent the crime, or her consent will be presumed. Now, the question of consent is the main issue in this case, and you are instructed that unless you believe from the evidence beyond a reasonable doubt, not only that defendant had and obtained carnal knowledge of Aubrey Nelson, a woman, at the time and place alleged in the indictment, but, also further, that same was obtained without the consent of the woman and by the use of force such as might reasonably be supposed sufficient to overcome resistance on her part, taking into consideration the relative strength of the parties, and the other circumstances of the case, and that she resisted by every exertion in her power, under the circumstances surrounding her at the time, to prevent the crime, you will acquit the defendant. If you have a reasonable doubt as to whether or not the carnal knowledge (if had) was had with her consent, or was obtained by the use of the degree of force, on defendant's part, above explained, or whether or not she resisted, to the extent above mentioned, you will in case of either such doubt find the defendant not guilty." Serious complaint is made of so much of the charge as in substance instructed the jury that the question of consent was the main issue in the case and to the following clause of the charge: "And that she resisted by every exertion in her power, under the circumstances surrounding her at the time, to prevent the *crime.*" In this connection complaint is also made that the court did not, except as implied in the foregoing instruction, charge the jury affirmatively that if the intercourse was by the consent of the prosecutrix that appellant was entitled to an acquittal. This charge is objected to substantially for the following reasons: (a) Because in defining the degree of force necessary the jury are only required to find such force as might be reasonably supposed to be sufficient to overcome resistance on the woman's part; whereas, the law requires in order to constitute the offense of rape that the defendant must use that degree of force necessary to overcome the utmost resistance of which the female is capable. (b) Because the court assumes that the crime had been committed and that it was necessary only for the jury to determine whether or not Mrs. Nelson had consented and whether she had used that resistance to avoid the commission of the crime required of her. That the use of the word "crime" in this connection was calculated to and did cause the jury to believe and that the court believed that the appellant had committed the crime. That the court should, in defining said offense, have used some other word which would not have implied that appellant was guilty of such intercourse or obtaining carnal knowledge. (c) Because there was affirmative error in said paragraph in assuming that the only issue, or the main issue in the case arose upon the testimony of the prosecutrix in determining the amount of force, particularly since the evidence of the appellant was clear and positive that the intercourse was with the consent of prosecutrix, and that this was particularly hurtful, since nowhere did the court affirmatively present this defense of consent to

the jury and advise them that if they believed that prosecutrix had consented that they should acquit. (d) That the charge is erroneous since it was error for the court to undertake to assume and decide what was the main issue in the case, and that under the evidence the question of force was important and was equally a main or the main issue in the case, as the issue of consent, and it was the province of the jury to determine, if this issue should have been determined by anyone, what the main issue or issues were, and that the jury should have been permitted to determine these things wholly independent of and unincumbered and unhampered by any charge as to what was the main issue in the case. We think the charge of the court erroneous in these respects: First, it was clearly error, and, in the light of the entire evidence, probably injurious for the court to undertake to instruct the jury that consent was the main issue in the case. Second, we think the use of the word "crime" was unfortunate and probably prejudicial and might have the effect and probably did have the effect to convey to the jury the impression that the court believed that an offense had been committed. Third, the charge of the court was clearly erroneous in that there was no distinct and affirmative submission of the issue of consent and instruction to the effect that if Mrs. Nelson consented that appellant was entitled to an acquittal. See Logan v. State, 40 Texas Crim. Rep., 85; Moore v. State, 44 Texas Crim. Rep., 45, 68 S. W. Rep., 279; Owens v. State, 39 Texas Crim. Rep., 391; White v. State, 17 Texas Crim. App., 188; Lee v. State, 27 Texas Crim. App., 475; Barton v. State, 49 Texas Crim. Rep., 121, 90 S. W., 877; Beaver v. State, 86 S. W. Rep., 1020; Green v. State, 49 Texas Crim. Rep., 645, 98 S. W. Rep., 1059; King v. State, 51 Texas Crim. Rep., 208, 101 S. W. Rep., 237.

For the errors pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*