STATE, Respondent, v. FRITZ, Appellant.

(184 N. W. 235.)

(File No. 4886. Opinion filed September 2, 1921.)

1. **Rape—Age of Prosecutrix, Her Testimony Re, Whether Competent.**

   In a prosecution for statutory rape, the testimony of the prosecutrix as to her own age is competent.

2. **Same—Prosecutrix's Complaint to Woman Friend a Week Later, Whether Too Remote—Time, Whether Test of Admissibility—Rule.**

   In a prosecution for rape the testimony of prosecutrix that she made complaint as to commission of the offense to a woman friend a week after commission thereof is competent; such testimony being admissible when not too remote in point of time, not necessarily as part of the res gestae, but as a circumstance tending to corroborate her testimony, mere lapse of time between injury and time of complaint not being the test of admissibility of the evidence, but complaint should be made within a reasonable time, taking into consideration surrounding circumstances.

3. **Same—Prosecutrix a Young Country Girl Laboring in Hayfield at Defendant's Home, Complaint to Woman Friend Succeeding Sunday, Within Reasonable Time.**

   Where evidence showed that at time of commission of rape upon prosecutrix, she was a country girl of 15 years working in defendant's hayfield, and that complaint was made to a woman friend at the home of a neighbor on the succeeding Sunday, held, the complaint was made within a reasonable time.

   Whiting, J., not sitting.

The defendant, Jacob Fritz, was convicted of the crime of statutory rape, and he appeals. Affirmed.

*Kirby, Kirby & Kirby,* for Appellant.

*Byron S. Payne,* Attorney General, and *A. H. Wells,* State's Attorney, for Respondent.

(1) To point one of the opinion, Appellant cited: 1 Encyc. of Ev. 735.

Respondent cited: 33 Cyc. 1473, and cases cited.

(2) To point two, respondent cited: Commonwealth v. Cleary (Mass.) 51 N. E. 746; Wharton's Crim. Law, Vol. 1, p. 917.

McCOY, J. From a conviction of the crime of statutory rape, defendant appeals.

[1] Error is first assigned in permitting the complaining witness to testify, over the objections of defendant, as to her own age. We are of the opinion that the testimony of the prosecutrix as to her own age was competent and proper evidence. 33 Cyc. 1473; State v. Scroggs, 123 Iowa, 649, 96 N. W. 723; State v. McClain, 49 Kan. 730, 31 Pac. 790; Commonwealth v. Hollis, 170 Mass. 433, 49 N. E. 632; People v. Ratz, 115 Cal. 132, 46 Pac. 915; People v. Allison (Cal. App.) 185 Pac. 992; State v. Vinn, 50 Mont. 27, 144 Pac. 773.

[2] Over the objections of defendant the prosecutrix was permitted to testify that she made complaint as to the commission of said offense to a woman friend a week after the commission thereof. It is contended by appellant that such complaint was too remote to be competent evidence. In a prosecution for rape, evidence of the complaint of the female, when not too remote in point of time, is admissible, not necessarily as a part of the res gestæ, but as a circumstance tending to corroborate her testimony. The mere lapse of time occurring after the injury and the time of the complaint is not the test of the admissibility of the evidence. The rule requires that the complaint should be made within a reasonable time. The surrounding circumstances should be taken into consideration in determining what would be a reasonable time in any particular case. Commonwealth v. Cleary, 172 Mass. 175, 51 N. E. 746; State v. Krantz, 138 Minn. 114, 164 N. W. 579; Pettus v. State, 58 Tex. Cr. R. 546, 126 S. W. 868, 137 Am. St. Rep. 978; Bailey v. Com., 82 Va. 107, 3 Am. St.

Rep. 87; State v. Myrberg, 56 Wash. 384, 105 Pac. 622; 1 Wharton, Crim. Law p. 917.

[3] It appears from the evidence that at the time of the commission of the offense complained of the prosecutrix was a country girl of the age of 15 years, who was working in the hayfield as a laborer at the home of appellant, and that the complaint was made to a woman friend, whom she met at the home of a neighbor on Sunday. We are of the view that under such circumstances, the complaint was made within a reasonable time. All other assignments of error have been considered.

Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.

WHITING, J., not sitting.