STATE, Respondent, v. PERKINSON, Appellant.

(210 N. W. 732.)

(File No. 6154.   Opinion filed November 15, 1926.)

1. **Criminal Law.**

   Error in excluding testimony is not prejudicial, where it was subsequently admitted.

2. **Criminal Law.**

   Witness claiming to be 20 years old is competent to testify as to his own age without disclosing source of his knowledge.

3. **Criminal Law.**

   Trustworthiness of testimony of state's witness is for jury, and not for court.

4. **Criminal Law.**

   Denial of new trial for newly discovered evidence, because of contradictions made by state's witness which would merely tend to impeach his testimony, held not abuse of discretion.

Note.—See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 1170(3), 17 C. J. Sec 2680; (2) Evidence, Key-No. 421(3), 22 C. J. Sec. 98; (3) Criminal law, Key-No. 742(1), 16 C. J. 2291; (4) Criminal law, Key-No. 942(2), 16 C. J. Sec. 2729.

Appeal from Circuit Court, Grant County; Hon. J. J. BATTER-TON, Judge.

Martin Perkinson was convicted of the sale of intoxicating liquor to a minor, and he appeals. Affirmed.

*Babcock & Babcock,* of Sisseton, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Assistant Attorney General, for the State.

GATES, P. J.   Defendant was convicted of the sale of intoxicating liquor to a minor.   Chapter 206, Laws 1925.   He appeals from the order denying new trial and from the judgment.

[1]   The conviction rests upon the uncorroborated testimony of one Adelsgruber.   He testified that he became intoxicated as a result of drinking the liquor bought from defendant, was arrested and kept in jail for several days; that after he was arrested he told the officer he had obtained the liquor from another person; that he made this statement while still under arrest and in a courtroom in Milbank.   Defendant urges error in the rulings of

the court upon the questions asked by defendant tending to elicit the above. We think the rulings were wrong wherein such testimony was excluded, but it was afterwards admitted, and we can now perceive no prejudice from the rulings. Adelsgruber testified without objection that he was 20 years old. Thereafter, over the objection of defendant, he was permitted to testify that he had not yet attained the age of 21 years. The objection was in substance that no foundation had been laid for the testimony. At the conclusion of the state's testimony defendant unsuccessfully moved to strike out Adelsgruber's testimony for the same reason.

[2] It is insisted that Adelsgruber should not have been permitted to testify as to his age without having disclosed the source of his knowledge. We think the ruling was not erroneous. The witness was a competent witness to testify as to his age. State v. Fritz, 44 S. D. 517, 184 N. W. 235; State v. Bowser, 21 Mont. 133, 53 P. 179.

[3] It is urged that the testimony was insufficient to sustain the verdict for the reason last discussed, and also because of the untrustworthy character of Adelsgruber because of his previous statement above shown. The latter question was one for the jury and not for this court to decide.

[4] It is further urged that the court erred in refusing a new trial on the ground of newly discovered evidence. The evidence alleged to be newly discovered was that Adelsgruber had previously told one Antelman that he was 21 years of age.

This evidence would merely tend to impeach Adelsgruber, and we think the trial court did not abuse its discretion in overruling the motion for new trial.

Affirmed.

DILLON, J., not sitting.