## STATE *vs.* TONY RUSSO.

JUNE 20, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

STEARNS, J.  Defendant was convicted of the rape of a girl thirteen years of age.  The case is here on his bill of exceptions.

The indictment charges that defendant committed the crime at Westerly on, to wit, the fifteenth day of October, 1925.  At the trial, before the jury was impaneled, upon request of defendant and by order of the court, the Attorney-General filed a bill of particulars, stating therein that the offense occurred at Watch Hill in the daytime, the exact hour not being known, on a day in the year 1925, sometime prior to the fifteenth day of October.  Defendant objected to the indefiniteness of the date but, upon the statement of the Attorney-General that he was unable to specify the exact date, the trial justice ruled that the bill of particulars

was sufficient. The exception to this ruling is without merit and is overruled. It is apparent from the record that the State was unable to give the precise date of the offense. The motion was one addressed to the discretion of the court. *State* v. *Nagle*, 14 R. I. 331. There was no error in this respect.

The defendant is a barber. In the summer he conducted his business in a small one-story building in Watch Hill. His shop was in front and he lived with his family in a room at the rear. The prosecutrix testified that in the afternoon on a day early in July, 1925, she left her house intending to go to the bathing beach at Watch Hill. On her way she stopped at the defendant's shop and went into the rear room to see her friend, the defendant's daughter. The defendant shortly afterwards came into the rear room, sent two other children that were there away on an errand, and then threw the prosecutrix on a bed and ravished her. That evening the prosecutrix made complaint to her sister, and a nurse maid but no particulars of the complaint were offered in evidence. The defendant's exception to the admission in evidence of this complaint is overruled. The complaint of the prosecutrix which was made several hours after the commission of the crime is not part of the *res gestæ* and therefore admissible on that ground, as in *State* v. *Fitzsimon*, 18 R. I. 236, *State* v. *Murphy*. 16 R. I. 528. But, as the party injured was a witness, it is admissible to prove that she made complaint of the injury while it was recent. Wharton Crim. Law, § 726 and cases cited in note; 33 Cyc. and cases in note, pp. 1463, 1464. Wharton in his treatise on Criminal Evidence, § 273, says, with respect to the declaration of a prosecutrix in rape: "The rule is now that the length of time intervening between the injury and the complaint will not, of itself exclude proof of it, but the court will look into all of the circumstances surrounding the fact, and on these he may exercise his discretion as to its admission or rejection." In *Commonwealth* v. *Cleary*, 172 Mass. 175, the court, in an opinion written by HOLMES, J., held that

the trial justice was justified in admitting evidence in a prosecution for carnal knowledge of a female child, the statements and complaint having been made by the child to her mother the next morning after the occurrence as to what had been done to her by the defendant the night before. In *State* v. *Badnelley*, 32 R. I. 378, the charge was an attempt to commit rape. Evidence that the prosecutrix sometime after the commission of the offense, complained of the defendant to the chief of police, who in consequence issued the complaint in the case, was held to have been properly admitted. In the case at bar after prosecutrix had testified to the commission of the crime in July, 1925, despite the objection of the defendant she was permitted to testify that defendant again ravished her on a day late in August, 1925. The exception to the admission of this testimony is sustained. The defendant was thus called upon to defend against two distinct and unrelated crimes on an indictment which charged but one offense. As the offense was charged as having been committed on a particular day, the State by introducing evidence which directly tended to prove the charge on a day in July will be held to have elected that day as the day on which it is obliged to prove the offense, and testimony to prove an offense on another day in August is inadmissible. The admission of such evidence is reversible error and is ground for a new trial. *State* v. *Nagle, supra.* The State in fact was prosecuting defendant for the offense in July and the trial justice charged the jury that, although there was evidence of the same crime being committed later, the State must rely for conviction on the offense in July. In *State* v. *Letourneau*, 24 R. I. 3, it was held that in a prosecution for obtaining money under false pretenses in writing, by selling pills falsely labeled, the admission of evidence of similar sales made after the finding of the indictment was erroneous and sufficient ground for the granting of a new trial. The reason for prohibiting evidence of a subsequent separate crime, particularly in prosecutions for rape, is readily perceived. Such an offense is generally

committed in secrecy. The purpose of such evidence is to show intention or inclination of the accused to commit such an offense, not by an act done before but after the commission of the offense for which he is being tried, the inference sought to be established by the jury being that the accused is the kind of man who would be likely to commit such an offense. Such evidence violates a sound rule of law that an accused can not be convicted of a particular crime by evidence of his disconnected criminal conduct at another time. For the reasons stated a new trial is granted.

Case is remitted to the Superior Court for a new trial.

*Louis V. Jackvony, Asst. Atty.-Gen.*, for State.
*John J. Dunn*, for defendant.

