## J. B. TOMLINSON V. THE STATE.

No. 20259. Delivered June 7, 1939.
Rehearing Denied November 8, 1939.

The opinion states the case.

*Rob O'Hair* and *Louis Crump,* both of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for rape; the punishment assessed is confinement in the State penitentiary for a term of twenty-five years.

Appellant challenges the sufficiency of the evidence to sustain his conviction. A careful consideration thereof leads us to the conclusion that it is sufficient.

The State made a complete case against appellant by the testimony of the prosecutrix, a girl of thirteen years of age, and who was appellant's own daughter.

It is true that about six months elapsed before she made any complaint or report thereof, which fact would ordinarily tend to discredit her testimony, but she explained her reason for the delayed report. She testified that appellant threatened to harm her if she ever told it. She lived with her family in the same home with her father and was under his dominion. Taking into consideration the age of the girl, the relationship of the parties and the threats which he made toward her, is it any suprise that she failed to immediately divulge the occurrence? Certainly this testimony was a matter which the jury might consider in connection with her other testimony in passing upon the credibility thereof. See Sharp v. State, 15 Tex. App. Rep., 171; Warren v. State, 54 Tex. Crim. Rep., 443, 114 S. W., 380; Pettus v. State, 126 S. W., 868.

In addition to her testimony, we have the testimony of the county attorney to the effect that he went to appellant's home and requested him to get into an automobile with him and come to town to talk over some business. Appellant complied, but when they reached a point near the town, appellant said: "If you are taking me to jail take me around the back way of town and take me to jail that way—I do not want to go through the main streets."

The county attorney then asked him: "What makes you think we are taking you to jail?" to which appellant replied: "I have a damned good idea what you want with me."

When the county attorney asked him if he knew what he was going to talk to him about, appellant said: "Yes, but I am not going to discuss it with you now."

Nothing had been said by the county attorney about taking appellant to jail, and as far as this record shows, nothing

had been said about the alleged offense, or any other offense. Consequently the question arises—what prompted him in making such statements? Presumably a guilty conscience. Appellant did not testify and made no denial thereof, and offered no proof to controvert or contradict the State's evidence. The only plea interposed by him was that of insanity, which was controverted by the State and which the jury decided adversely to him. From the foregoing brief statement of the testimony, we think the jury was justified in their conclusion of appellant's guilt.

The record shows that prior to his trial, an affidavit was filed with the Clerk of the District Court, charging that appellant was then insane and unable to advise with his attorneys or to make a rational defense. Thereupon the trial court ordered a trial by a jury on appellant's present insanity. On the hearing of said plea of present insanity, the court charged the jury as follows: "Do you find and believe from a preponderance of the evidence that the mind of the defendant is so impaired or unsound to such a degree as to render him incompetent to advise with and assist his attorneys in preparing and prosecuting a rational defense in this case?"

Appellant's contention is that this was a submission of an incorrect issue, and that consequently he was denied the kind and character of trial to which he was entitled. He takes the position that since the enactment of Sec. 1 and 1b of Art. 932a C. C. P., (Acts 1937, 45th Legis., H. B. No. 993, effective June 8, 1937), it is imperative that the court, in submitting the issue to the jury should follow Art. 5552 of the Rev. Civil Statutes, which provides that the issue be submitted in the following language:

"1. Is A B, the defendant, of unsound mind?
"2. If the defendant is of unsound mind, is it necessary that he should be placed under restraint?"

Sec. 1 of Art. 932a provides as follows:
"In any case where insanity is interposed as a defense and the defendant is tried on that issue alone, before the main charge, and the jury shall find the defendant insane, or to have been insane at the time the act is alleged to have been committed, and shall so state in their verdict, and further find the defendant:

"a. To have been insane at the time the act is alleged to have been committed, but sane at the time of trial, he shall be immediately discharged;

"b. To have been insane at the time the act is alleged to have been committed and insane at the time of trial, or sane at the time the act is alleged to have been committed and insane at the time of trial, the Court shall thereupon make and have entered on the minutes of the Court an order committing the defendant to the custody of the sheriff, to be kept subject to the further order of the County Judge of the county, and the proceedings shall forthwith be certified to the County Judge who shall at once take the necessary steps to have the defendant committed to and confined in a State hospital for the insane until he becomes sane."

Appellant contends that unless the issue is thus submitted by the court, the court could not, in case the defendant was found to be insane, certify to the County Judge, who is required to take steps to have the defendant committed to a state hospital for the insane until he becomes sane. That since the court merely submitted the question of whether or not his mind was impaired to such a degree as to render him mentally incompetent to advise with and assist his attorneys, etc., (as was done in this case), an affirmative finding thereon by the jury would not authorize the county judge to have him confined in a state hospital for the insane.

It occurs to us that the manner in which the issue was submitted in this case did not require the jury to find that appellant was insane to the extent that he did not know the right from the wrong. All that the jury was required to find was that his mind was impaired to the extent that he was mentally incapable of advising with and assisting his attorneys in preparing and presenting a rational defense. Under the issue as submitted, the proof required to establish the same would not need to be of the same cogency and probative force as if the jury had been required to find that his mind was impaired to the extent that he did not know the right from the wrong. It seems to us that the issue as submitted might have given the trial court some concern as to how to get the defendant committed to a state hospital for the insane, had the jury answered in the affirmative, but be that as it may, the issue as submitted was most favorable to him and we fail to see how he can complain thereof.

By bill of exception number three, appellant complains of the action of the court in permitting the district attorney, when testing the qualifications of prospective jurors, to ask some of them whether they had any conscientious scruples

against the infliction of the death penalty as a punishment for crime, while he failed to make such an inquiry of others. Appellant contends that those of the jurors who answered in the affirmative were challenged for cause and the district attorney saved his peremptory challenges to challenge such other jurors as he did not want. Appellant objected to the method pursued, but his objection was overruled by the court.

The bill is deficient in that it fails to show that appellant was denied the right to make such inquiry of prospective jurors and exercise his right to challenge those who answered the inquiry in the affirmative, and that by reason thereof he was forced to accept an objectionable juror. See Taylor v. State, 99 S. W. (2d), 609, where the question is discussed more fully.

Bill of exception number five complains of the action of the court in permitting the district attorney, on cross-examination of appellant's sister, who had testified on direct examination of the appellant's insanity, to inquire of her if any member of the appellant's family had ever instituted any proceeding charging appellant with insanity. Bill number six complains of the same inquiries made of appellant's son who had likewise testified on direct examination as to his insanity. In both instances appellant objected on the grounds that such inquiries were prejudicial and an attempt to have the jury judge his mental condition by reason of the failure of appellant's wife or other member of the family to institute insanity proceedings, using their failure to do so as a circumstance to show that he was sane.

We think the objection was properly overruled. It was permissible and proper to make the inquiry in order to test the sincerity of the witness so that the jury might be aided in weighing the opinion expressed by them. See Newton v. State, 26 S. W. (2d), 233; Arnold v. State, 79 S. W. (2d), 130; Brady v. State, 34 S. W. (2d), 587. This also disposes of bill number ten which relates to the same matter.

Bill of exception No. 7 is without merit and we see no need in discussing it.

By bill of exception number eight, appellant complains of the testimony of certain non-expert witnesses who, after testifying to their association and conversation with appellant and their observation of him for a number of years, stated that in their opinion appellant was of sound mind. They were further interrogated by the district attorney as to whether they thought appellant knew the right from the wrong. Appellant complains

that to so interrogate these witnesses was to invade the province of the jury, whose duty it was to decide such a question under an appropriate charge from the judge.

The court has qualified said bill and in his qualification (which appellant has accepted and hence is bound thereby) states that certain other witnesses gave similar testimony without objection on the part of appellant. It is a well settled rule in this State that when evidence is admitted without objection which is similar, or of like character to that objected to, no grounds for reversal is presented. See McLaughlin v. State, 109 Tex. Crim. Rep., 307; Sparkman v. State, 82 S. W. (2d), 972; Stephens v. State, 26 S. W., 728; Enix v. State, 112 Tex. Crim. Rep., 376; 16 S. W. (2d), 818; Rogers v. State, 80 S. W., (2d) 967.

By bill of exception number eleven, appellant complains of the following remark made by the county attorney in addressing the jury: "If Judge Newman, your district attorney, thought the defendant was insane, we would not be here prosecuting him."

Appellant objected on the ground that the same was highly prejudicial and necessarily conveyed to the jury the private opinion of the county attorney and Judge Newman and that it was an exparte and hearsay statement.

While this was an unguarded remark and perhaps should not have been made, we fail to see how it could have prejudicially affected the appellant. The jurors saw and understood that if the county and district attorneys believed the defendant to be of unsound mind, they would not have, by evidence, controverted appellant's testimony as to his insanity. Consequently it must have been obvious to them that the county and district attorneys did not believe appellant to be of unsound mind. It was not an expression as to appellant's guilt, but only as to his mental status, which they showed otherwise by their acts and conduct in producing witnesses who testified to appellant's sanity.

All other contentions advanced by appellant have been examined by us and are deemed to be without merit.

No error of a reversible nature appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant's motion for rehearing was filed on June 20th, 1939, only a few days before adjournment for the term. Not having time to give it the proper consideration before adjournment it was carried over.

The motion has been carefully considered and the various matters urged as grounds for rehearing and reversal have again been reviewed. We think proper disposition was made of the case in our original opinion, and a further discussion of the questions would not lead to a different conclusion.

We note, however, from appellant's motion that we inadvertently stated in our original opinion that the affidavit for preliminary investigation of appellant's sanity stated not only that appellant was insane, but also that he "was unable to advise with his attorneys or to make a rational defense." The words quoted from our original opinion were not incorporated in the affidavit mentioned, and to that extent our opinion was inaccurate. The statement quoted is withdrawn. The fact that upon his trial appellant was given a fair presentation of the issue of insanity as a defense to the charge for which he was upon trial leads us to conclude that the procedure of which he complains upon the preliminary inquiry would not call for a reversal of the judgment of conviction.

The motion for rehearing is overruled.