249 So.2d 876

**Willie HARRIS**

**v.**

**STATE.**

**3 Div. 66.**

Court of Criminal Appeals of Alabama.

June 29, 1971.

Williamson & Taber, Greenville, for appellant.

MacDonald Gallion, Atty. Gen., and Jasper B. Roberts, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The appellant was convicted of rape. Punishment was fixed at imprisonment in the penitentiary for ten years.

The testimony of the prosecutrix tended to make out the offense as charged.

The defendant admitted he had sexual intercourse with the prosecutrix but claimed it was with her consent and denied the use of force.

The trial judge, in its oral charge to the jury, stated:

"But, Ladies and Gentlemen of the Jury, the question in this case, as I think it

has been brought to you is the question of consent or nonconsent. These other elements, so far as this thing is concerned, have been testified to from this witness stand, and the question of consent or nonconsent makes this case a case of force or no force, in effect, and so therefore you and each of you must be convinced beyond a reasonable doubt that the Defendant had carnal knowledge of the prosecutrix on that occasion and at that time without her consent. That is the matter for which you must find, and I want to tell you that the consent of the female which is obtained at any time before the act of penetration is complete relieves the offense of the unlawful character."

Defense counsel objected to the charge for the following reason:

"I would like to object to the portion of the court's oral charge wherein the Court charged the effect of the evidence to be the question of consent or not consent."

The following colloquy ensued:

"THE COURT: Now, let me get that straight, John, where I charged that the effect of what?

"MR. TABER: From what I understand, Your Honor, I understood the effect of the evidence as to the issue.

"THE COURT: You misunderstood what I said, I think, Mr. Taber, but I will say again, that the only question, Ladies and Gentlemen, for you to determine in this case is whether or not you are convinced beyond a reasonable doubt and to a moral certainty that there was no consent on the part of this prosecuting witness.

"Now, does that answer your question? If you are not satisfied we will put it in the record.

"MR. TABER: I'm not satisfied.

"THE COURT: Alright, I will give you an exception."

We have not found an Alabama case precisely in point, but the Court of Criminal Appeals of Texas, in Pettus v. State, 58 Tex.Cr.R. 546, 126 S.W. 868, had before it a similar factual situation. The trial court charged that, "the question of consent is the main issue in this case, * * *."

The charge was objected to for this reason:

"That the charge is erroneous, since it was error for the court to undertake to assume and decide what was the main issue in the case, and that under the evidence the question of force was important, and was equally a main, or the main, issue in the case, as the issue of consent, and it was the province of the jury to determine, if this issue should have been determined by anyone, what the main issue or issues were, and that the jury should have been permitted to determine these things wholly independent of, and unincumbered and unhampered by, any charge as to what was the main issue in the case."

The court stated:

"It was clearly error, and, in the light of the entire evidence, probably injurious, for the court to undertake to instruct the jury that consent was the main issue in the case."

A further statement by the Texas Court, in the Pettus case is applicable to the case at bar, although not made a ground of objection, is the following:

"The charge of the court was clearly erroneous, in that there was no distinct and affirmative submission of the issue of consent, and instruction to the effect that, if Mrs. Nelson consented, the appellant was entitled to an acquittal."

In the case at bar the trial court charged on the effect of the evidence, contrary to

the provisions of Section 270, Title 7, Code 1940.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.