The jury could find the following, in brief. The defendant met the victim, a neighbor, about Memorial Day, 1994. There were later conversations, leading to talk about sex. During the following summer, the victim visited the defendant several times in his nearby apartment. One night they kissed, but the defendant cautioned that he could get into “really big trouble” if *862 anyone found out. The victim was beginning to “get a crush on him.” At a meeting in July, they had oral sex and some beginnings of vaginal sex. Thereafter they had oral and vaginal sex on a number of occasions, totaling perhaps ten, until the relationship ended in mid-September, 1994.
When the victim returned to high school that month, she felt herself under a variety of pressures. She feared she was pregnant; she thought she had missed a period. She might have contracted pubic lice from the defendant. She now felt that what she had done was “wrong.” At the same time she was under the weight of realizing that the defendant would likely have big trouble if she spoke out. She was fearful of telling her parents; she could not foretell their reaction. Yet she could not contain herself and felt she must tell someone.
The victim began to speak to a classmate the first week of school. She disclosed that she had lost her virginity and engaged in intercourse with an older man during the summer. A social studies teacher found the victim ciying. This was in mid or later September. At first the victim feigned an excuse, but later she said that everything was getting to her. “I have a terrible secret, and I can’t keep it to myself any more.” She told about the defendant and her fear of getting him into trouble if she told her parents.[1]
1. The defendant acknowledges that from early times fresh complaint testimony has been admitted in cases of statutory rape. See Commonwealth v. Cleary, 172 Mass. 175 (1898). See also Commonwealth v. Ellis, 319 Mass. 627 (1946). He argues, however, that where the complaining witness in a statutory case has actually been a consenting partner to the sexual encounters, the very basis is absent for indulging the anomaly of permitting corroboration of the occurrence of the crime by admitting testimony by the victim and others that the victim made timely complaint. The basis of the fresh complaint doctrine is the presumed natural impulse of one attacked sexually to relate the attack to others in the immediate aftermath, see Commonwealth v. Bailey, 370 Mass. 388, 394 (1976); Commonwealth v. Licata, 412 Mass. 654, 658 (1992), but how can this apply where the intercourse is consensual? Or, put another way, the jury would not expect a party to mutually consenting intercourse to have the impulse to complain, so the fresh complaint doctrine is inapposite.
We have, however, no need to get into the ramifications of the defendant’s argument, for in the particular circumstances of the present case a jury might well expect the victim to seek out a friend or trusted teacher or the like to tell her story — if she did not do this, a jury might begin to question the victim’s account of the relationship. The particular circumstances we refer to are the self-condemnation, fear, and despair and the ambivalence toward the defendant that would impel this fourteen year old high school sophomore toward expression of her troubles to someone. It would indeed be anomalous if, having quite naturally received in evidence the victim’s account of her experience, including, especially, her feelings at the end, the judge should refuse to admit evidence of fresh complaint as in standard cases. Cf. Commonwealth v. Costello, 36 Mass. App. Ct. 689 (1994) (consenting fifteen year old girl; question on appeal was timeliness of complaints).
Robert J. Carnes for the defendant.
Joseph A. Pieropan, Assistant District Attorney, for the Commonwealth.
2. The defendant contends that the trial judge restricted his cross-examination of Commonwealth witnesses in three instances: warning against use of grand jury testimony as prior inconsistent statements; disallowing use of a police report to impeach the victim; limiting questioning of a witness Nicholas about statements to a prosecutor. There was no error.

Judgments affirmed.

 The defendant denied he had had sexual intercourse with the victim, and he sought to explain away some incidents of connection with her.