## Hub Waldrup v. The State.

No. 11061.   Delivered December 21, 1927.

**1.—Manslaughter—Charge of Court—Failure to Call Aid—Incorrect.**

Where, on a trial for murder, it being disclosed that appellant cut deceased on the leg with a knife, and that his death resulted from lack of medical aid, it was error for the trial court under the facts disclosed to charge Art. 1203, P. C., as to the effect of appellant's failure to secure medical aid to prevent the death of deceased.

**2.—Same—Continued.**

Appellant defended on his theory of self-defense, and his right to defend himself could not be abridged by reason of said Art. 1203, supra. Where the accused is shown to have acted in his own necessary self-defense he would not be chargeable with culpable homicide by reason of the fact that he willfully failed to call aid for the injured party.   If he was justified in making the assault the law exonerated him from that criminality, and it would make no difference whether he called aid or not in so far as his guilt was concerned.   Following Ware v. State, 55 S. W. 342.

**3.—Same—Charge of Court—On Self-Defense—Incorrect.**

Where, on a trial for murder, in his charge submitting the law of self-defense, the court charged the jury that "homicide and the inflicting of serious bodily injury are justified in the protection of the person against any unlawful and violent attack, but in such cases all other means must be resorted to for the prevention of the injury," etc., such charge was erroneous, and does not present the law of this state.   Following Maclin v. State, 144 S. W. 951.

**4.—Same—Continued—Rule Stated.**

In the above case of Maclin v. State the rule is thus stated: "A charge is error which requires defendant to resort to other means before he could kill, when the defensive theory is that his life has been threatened and deceased had made a hostile demonstration at the time of the homicide."   This rule is applicable to the present case and appellant was not required to resort to other means before exercising his right of self-defense.   See also Crenshaw v. State, 85 S. W. 1147.

Appeal from the District Court of Childress County.   Tried below before the Hon. R. L. Templeton, Judge.

Appeal from a conviction for manslaughter, penalty three years in the penitentiary.

The opinion states the case.

*Fires & Williams* of Childress, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, Judge.—Appellant was convicted of manslaughter under an indictment charging him with murder, and his

punishment assessed at confinement in the penitentiary for three years.

Appellant assigns as error that portion of the court's charge which instructed the jury that, "if the person inflicting the injury which makes it necessary to call aid in preserving the life of the person injured, knows that the injury has been inflicted and shall willfully fail or neglect to call such aid, he shall be deemed equally guilty as if the injury were one which would inevitably lead to death." This is an excerpt from Art. 1203, P. C. The issues submitted by the court included murder, manslaughter, aggravated assault and self-defense. The testimony shows that deceased and appellant were at a dance near Childress when they engaged in two distinct difficulties. It was the theory of the state, as shown by the testimony, that the first difficulty was a fist fight, and that, during a difficulty which ensued shortly thereafter, appellant ran deceased eighty or ninety steps and, as deceased fell, cut him on the leg with a knife. It was appellant's theory, as shown by his testimony, that, after he and deceased had engaged in an altercation of words he, appellant, was standing by an automobile adjusting his hose supporter, when deceased struck him, threw him to the ground and cut him across the back with a knife; that, when deceased cut him with a knife, he secured his knife and cut deceased on the leg; that on the occasion of the second difficulty he ran after deceased and engaged in a fight with him, but did not cut him. After deceased was wounded, his leg was bandaged by some of his companions, who then placed him in a car and carried him fourteen or fifteen miles to a doctor. There is some testimony in the record to show that, shortly before deceased was started to a doctor, appellant stood by the car with a bottle in his hand and that, when one of the witnesses stated, "Let's get him (meaning the deceased) to a doctor as quick as we can," appellant said, "Did I want him to knock my damned brains out?" It appears from the testimony of another witness that one of the witnesses said to appellant, "Fellow, you have cut his leg nearly off and he is bleeding to death." No effort was made by anyone to phone for a doctor. Due to tire trouble, it took three and a half hours to carry deceased to the home of a doctor. Deceased died from the loss of blood before reaching the doctor's house. The testimony of the doctor shows that, if the wound had been properly bandaged and medical attention given deceased within a reasonable time, death should not have resulted. The court submitted the issue of improper treatment and neglect.

We do not think the evidence warranted a charge in regard to willful failure to call assistance. That the giving of such charge was prejudicial to appellant seems obvious. He contended that he acted in his necessary self-defense in inflicting the injury that resulted in the death of deceased. The facts of the instant case are fairly within the holding of the case of Ware v. State, 55 S. W. 342. We quote from that case as follows:

"The mere omission to call aid without the element of malice or evil intent would not satisfy the demands of the statute. In no event could appellant be held responsible under this law, unless there was a willful failure and neglect to call aid to the man whom he had injured. Now, suppose the jury should have believed appellant willfully failed and neglected to call aid, but that death was produced not from this source, but by reason of the act of the third party; would it be contended that appellant could be incarcerated in the penitentiary for the homicide? We do not believe the statute bears such a construction, or was intended to do so. But, even if it did, then the evidence must be clear that his failure or neglect was willful. * * * Suppose the party inflicting the injury should do so in a clear case of self-defense, and failed to call aid, and the injured party died; then of what offense would he be guilty? Would he be responsible for criminal homicide if, under those circumstances, he failed to call aid? Suppose the jury found, as matter of fact, that defendant did not produce the death, but the probing of the wound did, but did find that appellant willfully failed to call assistance; would the conviction be authorized alone because of such willful failure to call aid? In other words, could the failure to call aid be substituted for guilt, under facts necessary to constitute the offense? * * * If appellant was justified in shooting, the law exonerated him from that criminality, and it would make no difference whether he called aid or not. His failure in this respect would not abrogate his right of self-defense, nor impair his right to have that issue fairly considered by the jury."

It was the theory of appellant that deceased had threatened him and had made hostile demonstrations at the time of the homicide. This theory was supported by the testimony of appellant and that of some of his witnesses. The court charged the jury that "homicide and infliction of serious bodily injury are justifiable in the protection of the person against any unlawful and violent attack, but in such case all other means must be resorted to for the prevention of the injury, and the killing

must take place while the person killed is in the very act of making such unlawful and violent attack." Appellant excepted to that portion of the charge that required him to resort to all other means for the prevention of the injury. In the case of Maclin v. State, 144 S. W. 951, the rule is thus stated: "A charge is error which requires defendant to resort to other means before he could kill when the defensive theory is that his life had been threatened and deceased had made hostile demonstrations at the time of the homicide." See Crenshaw v. State, 85 S. W. 1147. The rule quoted is applicable to the facts of the instant case, and it was error to require appellant to exercise other means before exercising his right of self-defense.

We will not undertake a discussion of the other matters complained of by appellant, as they are not likely to occur on another trial of the case.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.